### 69425. THE STATE v. McCARD.
(326 SE2d 856)

BENHAM, Judge.

Prior to his trial on a charge of vehicular homicide, appellee filed a motion in limine seeking a ruling that the results of a blood-alcohol test were not admissible. This appeal is from the grant of that motion.

1. Appellee has filed a motion to dismiss this appeal on the ground that the grant of a motion in limine, as opposed to a motion to suppress, is not directly appealable by the State under OCGA § 5-7-1. That issue is controlled adversely to appellee by *State v. Strickman*, 253 Ga. 287, 288 (319 SE2d 864) (1984), where, after a discussion of the function of a motion in limine, the Supreme Court held that "if a defendant moves before trial to exclude evidence on the ground that it was obtained in violation of law, the grant of such a motion — whatever its name — is subject to direct appeal on the part of the State."

2. The State's argument in this case is notable more for its novelty than its merit. Conceding that the failure of the arresting officer to inform appellee at the time of his arrest of his right to an independent test was a violation of the requirements of OCGA § 40-6-392, the State argues that the remedy is to deny the State the benefit of the rebuttable presumptions which arise from the presence of alcohol in a defendant's blood. Under this theory, the State would still be allowed to introduce into evidence the results of the blood-alcohol test and to elicit expert testimony as to the degree of intoxication which would result from the level of alcohol found. That position is refuted by the clear language of the Supreme Court's decision in *Perano v. State*, 250 Ga. 704, 708 (300 SE2d 668) (1983): "Under ordinary circumstances, where this advice [of the right to an independent chemical analysis to determine the amount of alcohol or drugs present in an arrestee's blood] is not given at the time of arrest, or at a time as close in proximity to the instant of arrest as the circumstances of the individual case might warrant, *the results of the state-administered test will not be admissible at trial to show that the accused was driving under the influence of alcohol or drugs.*" (Emphasis supplied.) See also *State v. Johnston*, 249 Ga. 413 (291 SE2d 543) (1982). Since it was established at trial, and not contested on appeal, that the arresting officer did not advise appellee of his rights in a timely fashion, the trial court was correct in granting the motion in limine.

*Judgment affirmed. Banke, C. J., and Pope, J., concur.*

DECIDED FEBRUARY 21, 1985.

Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Assistant District Attorney, for appellant.
William W. Barham, David B. Manley III, for appellee.