42012. THE STATE v. GARDNER.
(328 SE2d 546)

GREGORY, Justice.
   In 1970, while the defendant was stationed at Fort Gordon, his youngest child died from burns inflicted by scalding water. The child was under the defendant's care at the time. The autopsy report indicated the child's death was accidental.
   In 1981, the defendant suffered a severe stroke, which, according to undisputed medical testimony, destroyed a substantial portion of his brain, left him psychotically depressed, insane, and incapable of functioning on his own. Following his stroke the defendant was discharged from the Army. While confined to the psychiatric ward of the Veterans Administration Hospital in Tampa, Florida, the defendant stated to a social worker that the 1970 death of his son had not been accidental, but that he had murdered the child. Richmond County law enforcement officials were contacted and met with the defendant in February 1983. After initially stating that the child's death had been accidental, defendant confessed to murdering the child. In February 1984, defendant was indicted in Richmond County for murder. The trial court thereafter appointed three psychiatrists to evaluate the defendant and determine whether he was competent to stand trial. Following this evaluation, defendant made a pre-trial motion to suppress his confession on the ground that the confession was inadmissible because made while he was insane. After a hearing at which the three court-appointed psychiatrists testified, the trial court granted the motion to suppress. The State appeals. OCGA § 5-7-1 (4).
   The trial court found that the defendant "was psychotically depressed and insane when the confession was obtained and that the confession was a direct result of that mental state"; that since his stroke the defendant had "confessed to numerous non-existent antisocial or criminal acts with no more than the slightest suggestion"; and that medical evidence indicated that defendant was not competent to stand trial. The trial court concluded that the confession was

inadmissible because obtained while the defendant was insane. The record in this case overwhelmingly supports the trial court's findings.

A confession made by one who is insane is not the product of "a rational intellect and a free will," and is, thus, not voluntarily made. *Blackburn v. Alabama*, 361 U. S. 199, 208 (80 SC 274, 4 LE2d 242) (1960). See also *Kimbell v. State*, 252 Ga. 65, 66 (311 SE2d 465) (1984). Where the trial court makes a determination that a confession was not voluntarily made, this court will not reverse absent a finding that the trial court's decision was clearly erroneous. *Friar v. State*, 253 Ga. 87 (316 SE2d 466) (1984).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 16, 1985.

*Sam B. Sibley, Jr., District Attorney, George N. Guest, Assistant District Attorney,* for appellant.

*Richard E. Allen,* for appellee.