72853. EDWARDS v. THE STATE.
(348 SE2d 725)

BANKE, Chief Judge.

On appeal from his conviction of armed robbery, the defendant's sole contention is that the trial court erred in refusing to order a mistrial due to the fact that the jury was allowed to see him being led out of the holding cell and was thus apprised that he was in custody. *Held*:

Assuming arguendo that the jury did observe the defendant in custody, we find no reversible error. Prior to the incident which prompted the motion, the jury had heard testimony, admitted without objection, that the defendant had been apprehended and handcuffed at the scene of the crime by a security guard and had later been taken from the scene by police. "Such testimony is clearly indicative that [the police] took the defendant to jail. Thus, . . . it was not harmful to admit the same evidence over objection. *Tuggle v. State*, 149 Ga. App. 844, 845 (256 SE2d 104); *Glass v. State*, 235 Ga. 17, 19 (218 SE2d 776). Furthermore, evidence that an accused is presently confined in jail does not place his character in evidence. [Cits.]" *Fields v. State*, 176 Ga. App. 122, 123 (335 SE2d 466) (1985).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 2, 1986.

*Roger L. Curry*, for appellant.
*Thomas J. Charron, District Attorney, Debra H. Bernes, Assis-*

178

*tant District Attorney*, for appellee.