## 72936. HAMILTON v. THE STATE.
(349 SE2d 230)

SOGNIER, Judge.

Appellant was convicted of selling cocaine in violation of the Georgia Controlled Substances Act, and appeals.

1. Appellant contends the trial court erred by denying his motion to suppress the in-court identification of appellant because the identification was tainted by a one-on-one showup. At a hearing on the motion Detective Berry Brown testified that on the night of August 17, 1985 he was working undercover in Waycross, Georgia, and a confidential informant pointed to appellant and told Brown he could buy cocaine from him. Brown approached appellant and bought cocaine from him, then returned immediately to where the informant was standing; the informant then gave Brown appellant's name. Brown put the cocaine in an evidence bag with appellant's name on it and also wrote down a physical description of appellant. Appellant and several other individuals were arrested on October 29, 1985. At the police station they were brought in one by one, their names were

called out, and Brown was asked to identify the individuals from whom he had purchased drugs or marijuana. Appellant was one of the individuals identified by Brown during this procedure. Brown testified that even if he had not seen appellant from the date of purchase of the cocaine until the date of trial he could have identified appellant as the person who sold cocaine to Brown on the night of August 17, 1985, based solely on his recollection of appellant at the time of the sale.

Appellant argues that there was a substantial likelihood of misidentification because the one-on-one showup was impermissibly suggestive and tainted the in-court identification. His argument is based in large part on the fact that over two months elapsed from the date of the alleged sale until the date of arrest and the showup. Appellant also argues that Brown could not adequately recognize appellant because the transaction occurred at night, under a street light, and lasted only thirty seconds. We do not agree.

The fact of a one-on-one showup, without more, does not necessarily violate due process, *Neil v. Biggers*, 409 U. S. 188, 198 (93 SC 375, 34 LE2d 401), and the fact that it did occur will not result in a "per se" exclusion of subsequent identification. *Manson v. Brathwaite*, 432 U. S. 98, 113 (97 SC 2243, 53 LE2d 140); *Yancey v. State*, 232 Ga. 167, 168 (205 SE2d 282) (1974). A claimed violation of due process in the conduct of a pretrial confrontation depends on the totality of the circumstances. *Stovall v. Denno*, 388 U. S. 293, 302 (87 SC 1967, 18 LE2d 1199). Even if the pretrial identification is tainted, the in-court identification is not constitutionally inadmissible if it does not depend upon the prior identification but has an independent origin. *Code v. State*, 234 Ga. 90, 99 (5) (214 SE2d 873) (1975); *Anderson v. State*, 168 Ga. App. 243, 245-246 (308 SE2d 623) (1983).

In the instant case Brown was a police officer, trained to observe, remember and identify suspects and persons committing offenses in his presence. Brown not only observed appellant during the actual transaction, which lasted about thirty seconds, but he observed him before and after the transaction. Brown immediately wrote down a physical description of appellant, including his age, height, weight and hair style. Brown also testified that his identification was based on his observation of appellant on the night of the drug sale, not on the one-on-one showup at the time of appellant's arrest. Thus, Brown's identification of appellant had a basis independent of the showup; under such circumstances we find Brown's identification testimony reliable and admissible. Hence, the trial court did not err by denying appellant's motion to suppress the in-court identification by Brown. *Anderson*, supra.

2. Appellant contends the evidence is not sufficient to support the verdict. This enumeration is based on appellant's contention that

the identification testimony of Brown was inadmissible. We have decided that issue adversely to appellant. Further, we have read the entire transcript and find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED SEPTEMBER 15, 1986.

*Susan C. Janowski*, for appellant.
*Harry D. Dixon, Jr., District Attorney, Richard E. Currie, Assistant District Attorney*, for appellee.