## 75156. THE STATE v. BROWN.
### (365 SE2d 865)

CARLEY, Judge.
Appellee has been indicted for one count of rape and two counts of aggravated sodomy. Pursuant to stipulations as to admissibility which were entered into between the State and appellee, both appellee and the victim submitted to polygraphic examinations. The results of the victim's test showed no indication of deception in her answers. The results of appellee's test were inconclusive. Thereafter, appellee filed a "motion to suppress" the results of both tests. Following a hearing on appellee's "motion to suppress," which the trial court properly treated as a motion in limine, the trial court ruled that the results of both polygraph tests would be excluded from evidence. Citing OCGA § 5-7-1 (4) as authority, the State brings this direct appeal from the trial court's order excluding the results of both tests.

"An appeal may be taken by and on behalf of the State of Georgia . . . in criminal cases in the following instances: . . . From an order, decision, or judgment sustaining a motion to suppress evidence illegally seized in the case of motions made and ruled upon prior to the impaneling of a jury." OCGA § 5-7-1 (4). This statute is not so limited in scope as to authorize the State only to bring a direct appeal from the grant of pre-trial motions to suppress under OCGA § 17-5-30. "[I]f a defendant moves before trial to exclude evidence on the ground that it was *obtained in violation of law*, the grant of such a motion — whatever its name — is subject to direct appeal on the part of the [S]tate." (Emphasis supplied.) *State v. Strickman*, 253 Ga. 287,

288 (319 SE2d 864) (1984). See also *State v. Gardner,* 254 Ga. 264 (328 SE2d 546) (1985); *State v. McCard,* 173 Ga. App. 504 (326 SE2d 586) (1985).

In the present case, however, appellee's pre-trial motion did not seek the suppression of any evidence on the ground that it had been obtained in violation of law. To the contrary, appellee's motion indicated that the results of the polygraph tests had been obtained in conformity with the applicable rules of evidence, insofar as the parties had entered into an express stipulation which addressed the admissibility thereof. Appellee had sought exclusion of the evidence based only on the assertion that the express stipulation was not unconditional and that the ultimate results of the tests had not been such as would otherwise come within the terms that had been agreed upon as to admissibility. Thus, the exclusion of the test results was based upon the trial court's construction of the terms of the parties' express stipulation and its interpretation of the scope of admissibility established thereby. If the trial court's ruling in this case were directly appealable by the State pursuant to OCGA § 5-7-1 (4), it would necessarily follow that any and all adverse pre-trial evidentiary rulings in criminal cases would be directly appealable by the State. We construe OCGA § 5-7-1 (4) as authorizing the State to bring a direct appeal only when the trial court's exclusion of evidence is based upon the determination that the State unlawfully *obtained* it and not when the exclusion is based upon some general rule of evidence. Accordingly, we hold "that no jurisdictional basis exists in this case for a direct appeal." *State v. Thomas,* 176 Ga. App. 106 (335 SE2d 697) (1985). In so holding, we express neither approval nor disapproval of the trial court's ruling. Our holding is that, under existing statutory authority, we have jurisdiction neither to affirm the ruling if correct nor to reverse it if erroneous.

*Appeal dismissed. Banke, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 1, 1988.

*Robert E. Keller, District Attorney, Tracy G. Gladden, Assistant District Attorney,* for appellant.
*Darrel L. Hopson,* for appellee.