## 75771. KEITH v. THE STATE.
(367 SE2d 255)

BEASLEY, Judge.

Keith appeals his conviction and sentence for armed robbery, OCGA § 16-8-41, and the denial of his motion for new trial.

1. The first question is whether the trial court erred in failing to order a new panel of jurors because during the course of voir dire it became obvious to the panel members that he was being held in a cell in the courtroom.

He argues that inasmuch as the court refused his request to instruct the prospective jurors that restraint was not to be considered in assessing the proof and determining guilt, "it appears as if a gross

injustice occurred" and his conviction should be reversed. Appellant relies on *Howard v. State,* 144 Ga. App. 208 (240 SE2d 908) (1977), and *McKenzey v. State,* 138 Ga. App. 88 (225 SE2d 512) (1976). Those cases differ in that the jurors had seen the defendants in handcuffs and prison garb and also that the defendants had unsuccessfully moved for mistrial.

Although Keith asked for a curative instruction he did not move for a mistrial and cannot complain by implying that a mistrial should have been granted. *Merritt v. State,* 255 Ga. 459, 460 (2) (339 SE2d 594) (1986); *Flynn v. State,* 255 Ga. 415, 419 (6) (a) (339 SE2d 259) (1986). Furthermore, there is no proof that the prospective jurors saw defendant restrained in any manner or that it would be obvious to the jurors that defendant was indeed exiting from a holding cell. Even assuming the jurors were aware that defendant was coming from a holding cell, this would not have been harmful because testimony at trial showed that defendant had been taken into custody. *Edwards v. State,* 180 Ga. App. 177 (348 SE2d 725) (1986).

2. Appellant contends that the trial court erred in refusing to admit into evidence a videotape prepared by defense counsel which attempted to re-enact the circumstances under which police officers observed defendant before arresting him.

There were a number of material dissimilarities between the circumstances in the tape and those leading to defendant's apprehension so as to constitute a substantial variance from the actual event. Whether or not under the evidence the tape was a fair and accurate representation of the scene sought to be depicted addresses itself to the trial court's discretion, which will not be controlled unless abused. *Eiland v. State,* 130 Ga. App. 428, 429 (1) (203 SE2d 619) (1973). See also as persuasive *Nash v. State,* 179 Ga. App. 702, 706 (8) (347 SE2d 651) (1986). No abuse appears.

3. Appellant further maintains that the trial court erred in denying his motion to suppress on the ground that the stop of his vehicle leading to the arrest and vehicle search was improper and violated his rights under the federal and state constitutions. He cites no specific provisions but relies entirely on *Allen v. State,* 140 Ga. App. 828 (232 SE2d 250) (1976). That case is bottomed on the Fourth Amendment, so we will not consider any state constitutional claim. Appellant contends that the officers had no reasonable articulable grounds for suspicion and so could not legally stop his vehicle.

The evidence at the motion to suppress hearing was that the arresting officers had knowledge of the armed robbery of the service station at the time they passed Keith on a street near the service station; the street was primarily a residential one with very little traffic on it at 2:13 a.m.; the car swerved slightly; after the officers began to follow it they then received a "lookout" with a description of the robbery

suspect, which matched Keith; Keith would not pull over or stop in response to the police car's blue lights.

" 'It is clear that in cases where there are some reasonable articulable grounds for suspicion, the state's interest in the maintenance of community peace and security outweigh the momentary inconvenience and indignity of investigatory detention.' [Cit.] It is also clear that what is a 'reasonable articulable ground' for the detention may be less than probable cause to make an arrest or conduct a search, but must be more than mere caprice or arbitrary harassment. [Cit.]" *Allen v. State*, 140 Ga. App. 828, 830, supra, applying *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968).

By the time the officers stopped Keith, they had reasonable articulable grounds for suspicion that he was the robber. "The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape. On the contrary, *Terry* recognizes that it may be the essence of good police work to adopt an intermediate response." *Adams v. Williams*, 407 U. S. 143, 145 (92 SC 1921, 32 LE2d 612) (1972). See *State v. Adams*, 186 Ga. App. 87 (366 SE2d 326) (1988).

4. The last question is whether the evidence was sufficient to support a guilty verdict for armed robbery. Appellant asserts that the victim was at no time able to identify the presence of any offensive weapon, replica, article, or device having the appearance of such weapon.

The victim testified that during the robbery the intruder nudged her on the arm and shoulder with something hard and sharp inside his glove which she would have said was a knife prior to the police recovering a pair of scissors from defendant's car. She pleaded with the man not to hurt her. This along with the other evidence construed in a light favorable to the verdict, *Rhodes v. State*, 168 Ga. App. 10, 11 (1) (308 SE2d 33) (1983), would have enabled any rational trier of fact to find defendant guilty of armed robbery beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Hambrick v. State*, 174 Ga. App. 444 (330 SE2d 383) (1985).

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED MARCH 8, 1988 —

*Roger L. Curry*, for appellant.

*Thomas J. Charron, District Attorney, Nancy I. Jordan, Rose L. Wing, Assistant District Attorneys*, for appellee.