## A90A1613. ARNOLD v. THE STATE.
(402 SE2d 69)

Cooper, Judge.

Appellant was convicted by a jury of armed robbery and brings this appeal from the denial of his motion for new trial.

The State's evidence showed that the victim was working alone at a convenience store one night when she noticed three persons in a yellow car parked by the building. One of the men got out of the back seat of the car and went to the telephone, and several minutes later a man came into the store, grabbed the victim from behind, put a gun to her side and forced her to give the man all of her money from the register. After the man left, the victim called the police. When the police arrived, the victim described her assailant as a black male, approximately six feet tall, wearing dark sunglasses, a black coat, a navy or black shirt and tan pants. The victim assisted the investigating officer in making a composite drawing of the suspect. The day after the robbery, the victim was shown a photographic lineup of six black males and identified appellant as the man who robbed her. Appellant and two other men were arrested and charged with armed robbery, but prior to appellant's trial the two men pled guilty to the charge and became State witnesses. At trial, the victim identified appellant as the man who robbed her, and both of the co-indictees testified that appellant went into the store with a gun. One of the men testified that when appellant came out of the store he said "I got the money."

1. Appellant contends that the photographic lineup was impermissibly suggestive. Appellant argues that his photograph was the only one of someone wearing a black coat and a black or dark blue shirt. "Based on the evidence we find nothing which tainted the pretrial identification by photo spread, and nothing in that identification which would taint [the victim's] in-court identification of appellant. Whether a subsequent in-court identification is tainted depends on all the circumstances of the case. Conviction based on eyewitness identification at trial following a pretrial identification by photograph will be set aside only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. [Cits.]" *Selbo v. State*, 186 Ga.

App. 779, 781 (368 SE2d 548) (1988). Furthermore, "[e]ven if a pretrial identification is tainted, an in-court identification is not constitutionally inadmissible if it does not depend upon the prior identification but has an independent origin. [Cit.]" Id. The victim observed appellant at the scene, gave a detailed description to the police immediately following the robbery and assisted in making a composite drawing. Thus, the victim's identification had an independent origin other than the photo identification. Therefore, we find no error with the trial court's admission of the photographic identification.

2. Appellant also contends that the evidence was insufficient to support the verdict. We disagree. The evidence was sufficient to authorize a rational trier of fact to find appellant guilty of armed robbery beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED FEBRUARY 1, 1991.

*Bates, Kelehear & Starr, Harlan M. Starr*, for appellant.
*Jack O. Partain III, District Attorney, Michael R. McCarthy, Assistant District Attorney*, for appellee.