## A92A0783. THE STATE v. FRYE.
(422 SE2d 915)

Sognier, Chief Judge.

David Frye was indicted on a charge of robbery. At trial, after a jury was selected but before the jury was sworn, Frye moved in limine to exclude evidence of both an out-of-court identification Frye alleged was improper and any in-court identification that might be offered during trial. The trial court granted Frye's motion and the State appeals.

1. Before considering the merits of the appeal we must consider initially the State's right to bring a direct appeal from the trial court's pretrial ruling on appellee's motion in limine. See *State v. Smith*, 193 Ga. App. 831 (1) (389 SE2d 547) (1989). Although the language in OCGA § 5-7-1 (4) authorizing a direct appeal by the State refers only to "a motion to suppress evidence illegally seized," that statute has been construed as authorizing the State to bring a direct appeal whenever the trial court's exclusion of evidence is based upon its determination that the State unlawfully obtained the evidence, regardless of how the motion to exclude the evidence is denominated. *State v. Brown*, 185 Ga. App. 701 (365 SE2d 865) (1988). In the present case the trial court disallowed the identification evidence on the ground that the police had utilized impermissibly suggestive procedures violative of established law. Accordingly, since appellee's motion was made and ruled upon prior to the jury having been sworn, we hold that the State's appeal of the trial court's ruling is within the purview of OCGA § 5-7-1 (4). *State v. Gardner*, 254 Ga. 264 (328 SE2d 546) (1985). Accord *State v. Strickman*, 253 Ga. 287 (319 SE2d 864) (1984); *State v. McCard*, 173 Ga. App. 504 (326 SE2d 856) (1985). Compare *Brown*, supra.

2. The State contends the trial court erred by excluding the evidence of the out-of-court identification. The evidence adduced at the hearing on the motion in limine showed that on September 19, 1991 at approximately 2:30 a.m., a convenience store in Ocilla was robbed. Billie Register, who was working at the store at that time, testified that the robbery lasted about three minutes, during which time she had an opportunity to view the robber's face. She also testified, however, that she was upset and nervous and, because she was fearful of allowing the robber to observe her looking at him, she turned away whenever he looked at her. Register's only description of the robber was that he was a black man wearing a toboggan hat pulled down over his forehead.

Approximately 30 minutes after the robbery a police detective showed Register a stack of about 25 photographs of black men of various ages, including one of appellee taken three to five years previously. Register was certain that none of those photographs depicted

the robber. A day later, the detective photographed appellee, who had been arrested on another warrant, and asked Register to come to his office in the jail to view this photograph of appellee in an orange jail jumpsuit to "see if this may be the guy that robbed her." No other photographs were shown to Register at that time. Register testified she thought the man in the photograph might be the robber, but was not sure because he was smiling in the photograph. Immediately thereafter, appellee was directed to walk past a window in the door of the detective's office so Register could view him in person. Register testified she then "knew for sure no doubt" appellee was the robber. She identified appellee in the courtroom and testified that she would have been able to identify him independent of anything she had seen or heard in the past.

A two-part test is used to determine whether identification evidence should be excluded. "The threshold inquiry is whether the identification procedure was impermissibly suggestive. Only if it was need the court consider the second question: whether there was a very substantial likelihood of irreparable misidentification. [Cit.]" *Gravitt v. State*, 239 Ga. 709, 710 (4) (239 SE2d 149) (1977). In the case at bar, it is clear that the procedure used was impermissibly suggestive, see *Baier v. State*, 124 Ga. App. 334, 335-337 (1) (183 SE2d 622) (1971), and the State concedes that it was. We need address, therefore, only the second prong of the test.

In determining that question, we must consider the totality of the circumstances. Factors to be addressed are (1) the witness' opportunity to view the accused at the time of the crime; (2) the witness' degree of attention during the crime; (3) the accuracy of the witness' prior description of the accused; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and the confrontation. *Neil v. Biggers*, 409 U. S. 188, 199 (93 SC 375, 34 LE2d 401) (1972).

Applying these factors to the case sub judice, we find the evidence supports the trial court's finding that there existed a substantial likelihood of misidentification. See *Towns v. State*, 136 Ga. App. 467, 468-469 (1) (221 SE2d 631) (1975). Although Register had the opportunity to view the robber during the robbery, according to her testimony the robber was not facing her but at her side during the robbery, and she deliberately avoided looking at him. In addition, she was nervous and upset. Her description was couched only in general terms and she was certain the robber was not included in the original, proper photographic showup, despite the presence of an old photograph of appellee. Even after viewing the suggestive single photo-

graph of appellee she was only "pretty sure."[1] Considering the totality of these circumstances, we hold the evidence did not demand a contrary finding and accordingly affirm the trial court's ruling excluding from evidence the out-of-court identification. See *State v. Smith*, 134 Ga. App. 602 (215 SE2d 345) (1975).

3. "Even if the pretrial identification is tainted, the in-court identification is not constitutionally inadmissible if it does not depend upon the prior identification but has an independent origin. [Cits.]" *Hamilton v. State*, 180 Ga. App. 284, 285 (1) (349 SE2d 230) (1986). The credibility of Register's testimony that her in-court identification was independent of the showups was a question for the trial court. See *State v. Smith*, 134 Ga. App. 602, supra. Given Register's conflicting testimony regarding her opportunity to view appellee during the robbery and her admitted nervousness at that time, as well as her uncertainty regarding an identification after viewing the initial photographic array, we cannot say the trial court erred by refusing to allow her in-court identification on the basis that it was dependent upon the impermissibly suggestive out-of-court procedure, and thus unreliable. Id.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 18, 1992.

*David E. Perry, District Attorney, Ronnie A. Wheeler, Assistant District Attorney*, for appellant.
*Mixon & Mixon, Warren L. Mixon*, for appellee.

---

[1] The length of time between the crime and the confrontation was neither unusually short nor unusually long, and does not appear to militate either for or against the likelihood of misidentification.