A93A0770. SANDERS v. THE STATE.
(431 SE2d 725)

JOHNSON, Judge.

David Sanders appeals from his conviction of armed robbery and the denial of his motion for a new trial. Sanders contends that the trial court erred in denying his motion to suppress the victim's in-court identification of him as the perpetrator.

The evidence at the suppression hearing showed that the victim was at home on the evening of May 2, 1991, when she heard a knock at her door. She turned on the porch light, looked out the window and recognized the person at the door as a man who had done yard work for her earlier that day. She opened the door, spoke with the man and

allowed him to come inside her house. Once inside, the man grabbed the victim around her neck, held a knife to her throat, pushed her to the floor, and demanded money. He then grabbed a black bag containing $1,500 which was on the floor and ran. The victim identified her attacker to the police as "David," but was unable to recall his last name. She described him as a "young black male, short, slim of build, who had done some yard work for her that day." Based upon this description and other information, David Sanders was arrested for the robbery. On May 11, 1991, the police officer who had responded to the robbery call showed the victim a photograph of Sanders and asked her if she recognized the man in the picture. No photographs of any other persons were shown to the victim. The victim identified the subject of the photograph as David, her attacker.

Sanders argues that the victim's in-court identification was tainted by the pretrial photographic showup because the showup was impermissibly suggestive. We need not address the issue of whether the photographic showup was impermissibly suggestive because "(e)ven if the pretrial identification [was] tainted, the in-court identification is not constitutionally inadmissible if it does not depend upon the prior identification but has an independent origin." (Citations omitted.) *Hamilton v. State*, 180 Ga. App. 284, 285 (1) (349 SE2d 230) (1986). We conclude that the in-court identification in this case did not depend on the photographic showup but had an independent origin and was therefore admissible. The victim testified unequivocally that she was familiar with Sanders because he had worked with her in the yard earlier that day, and that she had an opportunity to view him both before and during the robbery. Under these circumstances, we find that the trial court was correct in denying Sanders' motion to suppress the victim's in-court identification.

*Judgment affirmed. Blackburn and Smith, JJ., concur.*

DECIDED MAY 25, 1993.

*Albert C. Palmour, Jr.*, for appellant.
*Ralph L. Van Pelt, Jr.,District Attorney, Melodie B. Swartzbaugh, Assistant District Attorney*, for appellee.