A93A2301. MERRITT v. THE STATE.
(438 SE2d 691)

JOHNSON, Judge.

Ronnie Merritt appeals from his conviction of selling cocaine.

1. Merritt complains that the court erred in denying his motion for a directed verdict of acquittal. The State presented an undercover police officer who testified that Merritt sold him cocaine. The State also presented Merritt's four prior convictions for cocaine offenses as similar transaction evidence. Merritt admitted during his testimony that he sold cocaine to the officer, but claimed that he was entrapped. Reviewing this evidence in the light most favorable to the jury's verdict, we find that a rational trier of fact could have found Merritt

guilty beyond a reasonable doubt of selling cocaine. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The trial court did not err in denying Merritt's motion for a directed verdict of acquittal. *Fowler v. State*, 201 Ga. App. 417, 419 (2) (411 SE2d 335) (1991).

2. Merritt alleges that the trial court erred in denying his motion for a mistrial because the jury may have seen him in the custody of deputies in the court's holding cell. This allegation is mere conjecture as there is no evidence in the record indicating that any juror actually saw Merritt in the holding cell. *Keith v. State*, 186 Ga. App. 273, 274 (1) (367 SE2d 255) (1988). In fact, Merritt's attorney twice conceded while making the motion in the trial court that he did not believe the jurors actually saw Merritt in custody. "This court will not consider factual allegations in the briefs of parties which are not supported by evidence contained in the record." (Citations and punctuation omitted.) *Mercier v. State*, 203 Ga. App. 494, 495 (4) (417 SE2d 430) (1992).

Even assuming the jury was aware that Merritt was in the holding cell, this would not have been harmful because testimony at trial showed that he had been taken into custody. *Keith v. State*, supra. "Furthermore, evidence that an accused is presently confined in jail does not place his character in evidence." (Citations and punctuation omitted.) *Edwards v. State*, 180 Ga. App. 177 (348 SE2d 725) (1986). The trial court did not err in denying Merritt's motion for a mistrial. Compare *Hicks v. State*, 200 Ga. App. 602 (409 SE2d 82) (1991).

3. Merritt contends that the court erred in denying his motion to suppress the undercover police officer's in-court identification of him as the person who sold cocaine. Merritt argues that the officer's in-court identification was tainted because he had seen a photograph of Merritt prior to the sale. "Convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." (Citations and punctuation omitted.) *Talley v. State*, 209 Ga. App. 79, 80 (1) (432 SE2d 667) (1993). However, "even if the pretrial identification was tainted, the in-court identification is not constitutionally inadmissible if it does not depend upon the prior identification but has an independent origin." (Citations and punctuation omitted.) *Sanders v. State*, 208 Ga. App. 725, 726 (431 SE2d 725) (1993). Here, pretermitting the issue of whether the officer's pretrial identification was tainted, the in-court identification was admissible because it had an origin independent of the prior identification. The officer's in-court identification of Merritt was not based on the photograph but on the officer's opportunity to observe Merritt at the time of the crime. *Jones v. State*, 258 Ga. 25,

27 (3) (365 SE2d 263) (1988); *Mozier v. State*, 207 Ga. App. 264, 268 (4) (427 SE2d 551) (1993). The trial court properly denied Merritt's motion to suppress the officer's in-court identification. *Smith v. State*, 192 Ga. App. 144, 145 (2) (384 SE2d 677) (1989).

Moreover, Merritt did not raise misidentification as a defense; his sole defense at trial was entrapment. Because Merritt's identity as the seller was not in dispute, any error in allowing identification testimony would have been harmless. See generally *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976); *Snider v. State*, 200 Ga. App. 12, 13 (1) (406 SE2d 542) (1991).

4. Merritt claims that the court erred in allowing the similar transaction evidence because it was irrelevant. "[T]he admission or exclusion of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a clear abuse of discretion." (Citation and punctuation omitted.) *Moss v. State*, 206 Ga. App. 310 (1) (425 SE2d 386) (1992). The trial court found that the similar transaction evidence was relevant to show Merritt's motive, intent and identity. See *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). The trial court's admission of the evidence based on this finding was not an abuse of discretion and will not be disturbed by this court.

5. Merritt enumerates that the court erred in admitting into evidence the indictment for his prior offenses, in its jury charge on entrapment and in imposing a life sentence. Because Merritt has not supported these enumerated errors with argument or citation of authority, they are deemed abandoned pursuant to Court of Appeals Rule 15 (c) (2). *Guyton v. State*, 206 Ga. App. 145, 148 (8) (424 SE2d 87) (1992).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED DECEMBER 2, 1993.

*Wayne L. Burnaine*, for appellant.
*Daniel J. Porter, District Attorney, Brian K. Wilcox, Assistant District Attorney*, for appellee.