A96A1197. TILLER v. THE STATE.
(476 SE2d 591)

BIRDSONG, Presiding Judge.

Appellant Geroy Tiller appeals the trial court's denial of his motion to suppress the in-court identification of appellant by Detec-

tive Mark Anglin. In his sole enumeration of error, appellant contends the in-court identification made by Detective Anglin was based on an impermissibly suggestive pretrial, single photograph identification and should therefore be suppressed. *Held*:

Appellant's contention is without merit. Testimony indicates that around 2:00 a.m., Detective Mark Anglin noticed a vehicle parked outside the Post Oaks apartment complex gates. A man, later identified as Mr. Screen, stood beside the car. Anglin, who worked as a security guard for the complex when off duty, stopped Screen and inquired about his presence near the complex. While Anglin was speaking with Screen, he noticed bumping noises coming from the complex's laundry room. Anglin then saw appellant emerge from the laundry room with a television in his hand. Anglin, who was standing eight to ten feet from appellant, pulled his gun and instructed appellant to put down the television. Anglin then ordered Screen to lie on the ground. As a floodlight, two halogen recess lights and lamppost lights illuminated the area, Anglin testified that he had no difficulty seeing appellant's features. Anglin was able to observe appellant for 30-45 seconds before appellant ran away. Anglin then arrested Screen, who identified appellant by name. Ninety minutes later, the criminal history department located a picture of appellant, whom Anglin recognized as the burglar. At trial, Anglin again identified appellant as the burglar, noting that he was basing his identification on what he witnessed at the complex on the night of the burglary.

Convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. *Talley v. State*, 209 Ga. App. 79, 80 (1) (432 SE2d 667); see also *Merritt v. State*, 211 Ga. App. 228, 230 (438 SE2d 691). In fact, even where a pretrial identification has been found to be tainted, a subsequent in-court identification is admissible if it does not depend on the prior, tainted identification but has some other, independent basis. *Jacobs v. State*, 207 Ga. App. 714, 715 (429 SE2d 256), citing *Arnold v. State*, 198 Ga. App. 449, 450 (1) (402 SE2d 69). Here, Detective Anglin testified that he based his identification on seeing appellant outside the apartment's laundry room, holding the television, and not on the picture of appellant he viewed after the burglary. Accordingly, as Anglin's identification had an independent origin, his in-court identification was properly allowed. We therefore find that the trial court properly denied appellant's motion to suppress Anglin's in-court identification.

*Judgment affirmed. Beasley, C. J., and Blackburn, J., concur.*

Decided August 6, 1996 —
Reconsideration dismissed September 23, 1996.

*Letitia B. Delan*, for appellant.

Geroy Tiller, *pro se.*

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.