## A97A0833. RYAN v. THE STATE.
### (486 SE2d 397)

JOHNSON, Judge.

A jury found Ronald Ryan guilty of two counts of child molestation for touching his twelve-year-old daughter's vagina and breasts with his hands. The jury found him not guilty of placing his penis against her vagina. On appeal he challenges the sufficiency of the evidence, the admission of certain similar transaction evidence and the admission of his statement to police.

1. Ryan contends the evidence presented at trial was insufficient to support his convictions. On appeal, the presumption of innocence no longer prevails. We view the evidence in the light most favorable to the verdict and do not speculate which evidence the jury chose to believe or disbelieve. *Gurlaskie v. State*, 196 Ga. App. 794 (1) (397 SE2d 66) (1990). By stipulation, a videotape of the victim's statement was introduced at trial. She told about the events of the Saturday night preceding the taped interview. She testified that her father shook his private part around and put it into her private part. She also said that he pulled her pants down and picked her up between her legs. Responding to leading questions from the examiner, the girl agreed that her father had put his finger in her vagina and put his hand on her chest. This evidence is sufficient to enable a rational trier of fact to find Ryan guilty of child molestation. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Bragg v. State*, 217 Ga. App. 342, 343 (2) (457 SE2d 262) (1995).

2. The trial court did not err in admitting, as a similar transaction, the testimony of Ryan's sister-in-law, that he raped her when she was 15 years old. Ryan argues that the earlier alleged incident is

not similar because the girl was not in the protected age of minority at the time of the alleged incident. The 1995 amendment to OCGA § 16-6-4 (a) changed the protected age from 14 to 16 years. Ryan is correct that the prior incident could not have been prosecuted under the statute as it existed when the incident occurred in 1988. However, we are not reviewing the earlier incident in that context. We need not assess whether Ryan could have been prosecuted for child molestation in connection with that incident, only whether the incident satisfies the elements required for admission of similar transaction evidence in child molestation cases. "In crimes involving sexual offenses, evidence of similar previous transactions is admissible to show the lustful disposition of the defendant and to corroborate the victim's testimony. There need only be evidence that the defendant was the perpetrator of both acts and sufficient similarity or connection between the independent crime and the offenses charged." (Citation and punctuation omitted.) *Stine v. State,* 199 Ga. App. 898, 899 (2) (406 SE2d 292) (1991). In both of these instances Ryan had sexual contact with an adolescent female family member with whom he resided. It is immaterial that the 12-year-old victim in this case was touched, whereas the victim in the earlier alleged incident was 15 years old and was raped. "In a child molestation case, the sexual molestation of young children, regardless of sex or type of act [perpetrated upon them], is sufficient similarity to make the evidence admissible." (Citations and punctuation omitted.) *Green v. State,* 212 Ga. App. 250, 251 (2) (441 SE2d 689) (1994). See *Fetterolf v. State,* 223 Ga. App. 744, 746-747 (4) (478 SE2d 889) (1996). And while the length of time between the prior incident and the offense charged is a factor going to the weight accorded such evidence, Ryan's argument that the prior incident was too remote in time to be admissible as a similar transaction is without merit. See *Rich v. State,* 254 Ga. 11, 14 (1) (325 SE2d 761) (1985); *Bryson v. State,* 210 Ga. App. 642, 643 (2) (437 SE2d 352) (1993).

3. Neither do we find the trial court's decision to admit Ryan's custodial statement to be clearly erroneous. "A trial court's findings as to factual determinations and credibility relating to the admissiblilty of a confession will be upheld unless clearly erroneous." (Citations and punctuation omitted.) *Hatten v. State,* 253 Ga. 24, 26 (3) (315 SE2d 893) (1984). At a *Jackson v. Denno* hearing the state showed that officers read Ryan the *Miranda* warnings and that he understood them. He was not threatened or promised anything in connection with his statement, and spoke freely and voluntarily. He argues now, however, that because he was emotionally distressed he was unable to give a knowing and intelligent waiver of his rights. "The mere fact that the defendant was emotionally upset did not render [his statement] inadmissible." *Estes v. State,* 224 Ga. 687, 688

(2) (164 SE2d 108) (1968). See *Martin v. State*, 262 Ga. 312, 313 (3) (418 SE2d 12) (1992); *Wells v. State*, 196 Ga. App. 133, 134 (2) (395 SE2d 296) (1990). The trial court's decision to admit Ryan's statement was not clearly erroneous.

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED APRIL 11, 1997.

Before Judge Howell.

*Rodney L. Mathis*, for appellant.

*T. Joseph Campbell, District Attorney, Sharon M. Fox, Assistant District Attorney*, for appellee.