A97A1862. RARY v. THE STATE.
(491 SE2d 861)

JOHNSON, Judge.

A jury found David Vinson Rary guilty of two counts of child molestation involving his twelve-year-old stepdaughter. He appeals from the judgments of conviction entered on that verdict.

1. Rary asserts the trial court erred in admitting evidence of two previous incidents involving other girls as similar transactions.

(a) In the first incident, which involved a 12-year-old friend of his stepdaughter who was spending the night at Rary's house, Rary argues that the evidence did not satisfy the second prong of *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991), which requires that there be sufficient evidence to establish that the accused committed the independent offense. The girl testified at trial that after the girls had watched a movie, Rary told them to go to bed. After she had gone to sleep, she was awakened by someone grabbing her breast and massaging it. When she tried to turn over, she was "flipped back over" and her breast was grabbed again. When she told the man to stop, he got up and walked away. Although she did not look at the perpetrator's face because she was scared and confused, she was able to see a man walking away. She testified that Rary was the only male in the house. Despite Rary's own testimony that two other men were at the house on the night this incident occurred, "[a]bsolute proof is not required that a defendant committed the offense in a similar transaction. . . . Even where the defendant is not identified positively as the perpetrator of the independent crime, circumstantial proof may be used to establish his connection to it." (Citations and punctuation omitted.) *Hefner v. State*, 224 Ga. App. 612, 613-614 (2) (481 SE2d 599) (1997). The trial court did not err in

finding the evidence identifying Rary as the perpetrator of the similar transaction to be sufficient.

(b) The second incident admitted as a similar transaction involved the 19-year-old daughter of Rary's friend. Rary argues with regard to this incident that even if the victim's testimony that he grabbed her breasts while she was sleeping was true, the acts constitute a sexual battery, not child molestation, and therefore were dissimilar acts and should not have been admitted. We disagree. In *Ryan v. State*, 226 Ga. App. 180, 181 (2) (486 SE2d 397) (1997), in which a similar argument was raised, we noted that the crimes need not be identical. "In crimes involving sexual offenses, evidence of similar previous transactions is admissible to show the lustful disposition of the defendant and to corroborate the victim's testimony. There need only be evidence that the defendant was the perpetrator of both acts and *sufficient similarity* or connection between the independent crime and the offenses charged." (Citations and punctuation omitted; emphasis supplied.) Id. Here, the acts were identical to one of the charges in the indictment, it was only the age of the victim which determined how the behavior was categorized. The trial court did not err in admitting this event as a similar transaction.

2. Rary asserts the trial court erred in refusing to allow him to ask his ex-wife about a comment she allegedly made about not trusting one of his friends around their daughters. The state objected to the question on relevance grounds. Rary accepted the court's hypothesis that the evidence was being offered to negate the circumstantial evidence regarding the identity of the perpetrator of the incident discussed in Division 1 (a). "The admission or exclusion of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a clear abuse of discretion." (Citations and punctuation omitted.) *Merritt v. State*, 211 Ga. App. 228, 230 (4) (438 SE2d 691) (1993). Here, the trial court determined that whether the witness had made the comment was not relevant, presumably because even if the answer to the question had been yes, this witness had already testified that the person was not at the house on the night the similar incident occurred. The trial court's decision to exclude the question was not an abuse of discretion and will not be disturbed by this Court.

3. In a third enumeration of error, Rary asserts: "[t]he trial court erred by not allowing the defense to present testimony concerning the alleged victim's mother having threatened to accuse her former husband of child molestation of the victim in the case at bar if the former husband did not do what she wanted." "The admission of evidence is a matter which rests largely within the sound discretion of the trial court." *Haynes v. State*, 180 Ga. App. 202, 203 (3) (349 SE2d

208) (1986). The defense proffered the testimony of a man who had been married to the victim's mother before Rary. He was going to testify that in order to keep him from leaving the relationship at one point, the victim's mother told him, essentially, "we are going to be together or you will be in jail," threatening to falsely accuse him of child molestation. The testimony was being offered to show the victim's mother's propensity to lie or exaggerate matters regarding child molestation.

After an extended discussion outside the presence of the jury, the court observed that the purpose of the testimony was to discredit Mrs. Rary's testimony generally and establish that she was unworthy of belief and concluded that this proffered testimony did not fall within any of the recognized methods of impeaching a witness. In excluding the testimony, the trial court noted that, in addition to being an improper method of impeachment, a report of previous threat to make a false statement was not relevant to any other issue presently before the court.

*Haynes*, supra, provides a useful review of the acceptable methods of impeachment in Georgia. Id. at 203. Without consulting authority, the trial judge ably explained four out of the six methods outlined in *Haynes*, omitting only impeachment by incapacity of lack of knowledge or opportunity to observe, and absence of religious belief, neither of which were applicable to the proffered evidence. The trial court's determination that the proffered evidence was not admissible was not an abuse of discretion and will not be disturbed.

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED SEPTEMBER 8, 1997.

*Neil A. Smith*, for appellant.

*Lydia J. Sartain, District Attorney, Lee Darragh, Assistant District Attorney*, for appellee.

