A99A0835. ZACHERY v. THE STATE.
(517 SE2d 71)

Judge Harold R. Banke.

Convicted of burglary, aggravated sexual battery, simple battery, false imprisonment, and two counts of aggravated sodomy, Rayford Zachery appeals on four grounds: (i) the court erred in denying his motion for mistrial; (ii) the court erred in admitting the victim's pre-trial and in-court visual identifications of him; (iii) the court erred in allowing the victim, in rebuttal, to re-identify Zachery through his voice; and (iv) absent the identification testimony, the evidence was insufficient to sustain the convictions. *Held*:

1. The first two alleged errors concern the victim's visual identifications of Zachery as her attacker. She testified that while he was waiting outside the courtroom for his preliminary hearing, she had visually identified him as her attacker to an employee of the prosecutor's office. She also identified Zachery at trial. Zachery immediately moved for a mistrial, arguing that although the prosecutor had orally informed him of the pre-trial identification, (i) he had received nothing in writing about it in the discovery materials received from the State, and (ii) he was not aware the State intended to have her make a visual identification in court. The court denied the motion.

Absent a manifest abuse of discretion, we will not disturb a trial court's ruling on a motion for mistrial. *Milton v. State*, 232 Ga. App. 672, 676 (3) (503 SE2d 566) (1998). We discern no abuse here for two reasons.

First, because the pre-trial identification was not recorded or summarized in a writing or on tape, the State was not required to disclose it in the written discovery material. *Forehand v. State*, 267 Ga. 254, 255 (3) (477 SE2d 560) (1996). Thus, the fact that the State's voluntary oral disclosure of it was not reduced to writing and placed in the materials given in discovery is of no consequence.

Second, the disclosure of the pre-trial visual identification put Zachery on notice that the victim would likely identify him at trial, even though no law obligated the State to formally announce such to a defendant.

2. Zachery contends that admitting the pre-trial and in-court visual identifications violated his rights to counsel and to due process and constituted reversible error. His arguments, however, were not tested at the trial level. At no point did he object to the admission of the victim's visual identifications of him, whether on these grounds or otherwise. He accordingly waived the opportunity to raise these issues on appeal. *Pickstock v. State*, 235 Ga. App. 451, 458-459 (5) (b) (509 SE2d 717) (1998).

Zachery points to his motion for mistrial as an objection. But the motion did not ask that the evidence be excluded; it simply asked the court to declare a mistrial. Even if it could be construed as an objection, the motion only complained of the State's alleged failure in discovery to notify him that the victim would visually identify him at trial. It did not argue the lack of counsel, lack of due process, and impermissible suggestiveness grounds now raised on appeal. A trial objection on a specific ground waives appellate review of other grounds. *McGee v. State*, 205 Ga. App. 722, 726 (9) (423 SE2d 666) (1992); see *Campbell v. State*, 228 Ga. App. 258, 263 (3) (b) (491 SE2d 477) (1997).

3. Zachery claims the court erred in allowing the victim, in rebuttal, to bolster her testimony by re-identifying him, this time based on his voice from his trial testimony.

During Zachery's testimony, he denied he was the attacker. The State had the right to call rebuttal witnesses to refute this evidence. *Watkins v. State*, 206 Ga. App. 701, 705 (5) (426 SE2d 238) (1992). After the defendant has testified, a victim's in-court identification based on the sound of defendant's voice is generally admissible in rebuttal. See *Hornsby v. State*, 210 Ga. App. 571, 573 (2) (436 SE2d 767) (1993). Even if rebuttal evidence tends to bolster the State's case more than to directly impeach defense evidence, the trial court has the discretion to admit it. *Evans v. State*, 225 Ga. App. 589, 591 (3)

(484 SE2d 320) (1997); see *Watkins*, supra, 206 Ga. App. at 705-706 (5).

Zachery attempts to distinguish the circumstances here on the ground that the in-court voice identification was tainted by an impermissibly suggestive voice identification conducted by the State on the eve of trial. The victim had described her attacker's voice to police as higher pitched with a fast cadence. While being prepared on the day before trial, she reminded the prosecutor that she could readily identify the attacker's distinctive voice. The prosecutor then played a videotape (with the monitor facing the wall) of an interview with Zachery, and the victim immediately identified the voice as that of her attacker. The prosecutor notified Zachery of the identification.

Zachery successfully moved the court to exclude the pre-trial voice identification because it was impermissibly suggestive and because defense counsel was not allowed to attend. The court stated it would reserve ruling on whether to allow in-court voice identification. After hearing the victim's testimony as to the lengthy period of time she listened to her attacker's voice and her unhesitating visual identification of Zachery, the court decided to allow the in-court voice identification.

Convictions based on eyewitness identification at trial following a questionable pre-trial identification will be set aside only if the pre-trial identification was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. *Tiller v. State*, 222 Ga. App. 840, 841 (476 SE2d 591) (1996). The factors to be considered include the witness' opportunity to hear the defendant's voice at the time of the crime, her degree of attention, the accuracy of her prior description of the voice, the level of certainty demonstrated by her at the confrontation, and the length of time between the crime and the confrontation. See *Neil v. Biggers*, 409 U. S. 188, 199 (93 SC 375, 34 LE2d 401) (1972).

Even if the pre-trial voice identification is tainted, a court may allow in-court voice identification that does not depend upon the prior identification but has an independent origin. *Tiller*, supra, 222 Ga. App. at 841; *State v. Frye*, 205 Ga. App. 508, 510 (3) (422 SE2d 915) (1992). This is a question for the trial court, id., whose determination will be overturned only if clearly erroneous. *Smith v. State*, 235 Ga. App. 134, 138 (1) (508 SE2d 490) (1998).

Here the victim testified that she based her in-court voice identification on her distinct memory of her attacker's voice from the crimes. See *Clark v. State*, 226 Ga. App. 176, 179 (3) (486 SE2d 393) (1997). Based on the totality of the circumstances, including the victim's lengthy conversation with her attacker, her accurate description of the distinctive manner and tone of his voice, her statement that she could readily identify his voice, her unequivocal visual iden-

tification of Zachery at the preliminary hearing before she even heard his voice, and her immediate identification of Zachery's voice from the videotape, the court did not clearly err in finding that irreparable misidentification was not substantially likely and that the in-court identification had an independent origin. Compare *Towns v. State*, 136 Ga. App. 467 (221 SE2d 631) (1975).

4. The presence of Zachery's keys at the scene of the crime, the DNA evidence consistent with his having attacked the victim, and the victim's identification evidence sufficed to sustain the convictions under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED APRIL 29, 1999 —
RECONSIDERATION DISMISSED MAY 21, 1999.

*Thomason & Blackmon, Dennis T. Blackmon, Anthony B. Williams*, for appellant.

*Peter J. Skandalakis, District Attorney, Stephanie Duncan-Brent, Assistant District Attorney*, for appellee.