### A04A0464. TAYLOR v. THE STATE.
(598 SE2d 908)

PHIPPS, Judge.

After a bench trial, Arthur Taylor was convicted of burglary. He claims that the trial court erred by denying his motion to suppress identification evidence obtained by impermissibly suggestive means. Although the identification procedure used was impermissibly suggestive, there was not a substantial likelihood of misidentification. Accordingly, we affirm.

On January 12, 2003, someone kicked in the upstairs back door to Russell Hummewell's house and took a bicycle, a suitcase, and some clothes. Between 3:00 and 3:30 that afternoon, one of Hummewell's neighbors, Frank Tarullo, heard noises coming from Hummewell's house, which he assumed were noises associated with the renovation of the house. He nevertheless went to Hummewell's house. After getting no response to his knocking on the downstairs back door, Tarullo saw a man come out of the upstairs door. Tarullo testified at trial that the man he saw was wearing a pullover wool hat and a dark winter jacket — either a camouflage jacket or an army

---

[7] See OCGA § 16-8-2.
[8] See *Spray*, supra at 156 (1).

jacket. He also testified that the man he saw was missing his front teeth, a condition Tarullo shares. Tarullo spoke briefly to the man, whom he assumed was working on the house. Tarullo identified Taylor at trial as the man he saw that day.

When Hummewell returned at approximately 4:30 that afternoon, he told Tarullo that someone had broken into his house. Tarullo testified that he gave a description of Taylor to a police officer and that the officer returned with Taylor in his patrol car at approximately 7:00 or 8:00 that evening and asked Tarullo if he could identify him. The officer had Taylor get out of the car, and Tarullo asked the officer to have Taylor smile so that he could determine if his front teeth were missing. At that point, Tarullo testified that he "was positive that was him."

On cross-examination, Tarullo admitted that he had told the officer that Taylor was between 23 and 30 years old and that his height was between 5'8'' and 5'10''. In fact, Taylor was 50 years old when he was arrested and is six feet tall. Tarullo testified that his first impression of Taylor was that he was younger than he appeared when he saw him again that evening, but that he was certain it was the same person. He said that Taylor was standing on a porch that was approximately seven feet from the ground, which may account for his inaccurate perception of Taylor's height. Tarullo did not recall telling the officer that Taylor had a mustache, which he did have.

Taylor moved to suppress Tarullo's identification. Although the trial court ruled that the identification procedure was impermissibly suggestive, it denied the motion to suppress based on its determination that, under the totality of the circumstances, the identification was reliable. The trial court focused on Taylor's missing teeth as a "very strong part of the identification."

We utilize a two-part test to determine if identification evidence should be excluded.[1] "The threshold inquiry is whether the identification procedure was impermissibly suggestive. Only if it was need the court consider the second question: whether there was a very substantial likelihood of irreparable misidentification."[2] We find that the identification procedure used in this case was impermissibly suggestive[3] and thus turn to the second prong of the test.

When examining the likelihood of misidentification, we must consider the totality of the circumstances.[4] Factors to be considered include (1) the opportunity of the witness to view the perpetrator at

---

[1] *State v. Frye*, 205 Ga. App. 508, 509 (2) (422 SE2d 915) (1992).

[2] (Citations and punctuation omitted.) Id.

[3] See *Jefferson v. State*, 206 Ga. App. 544, 546 (2) (425 SE2d 915) (1992) (one-on-one showups have been sharply criticized and are inherently suggestive).

[4] *Frye*, supra.

the time of the crime, (2) the witness's degree of attention, (3) the accuracy of the witness's prior description of the perpetrator, (4) the level of certainty shown by the witness at the confrontation, and (5) the length of time between the crime and the confrontation.[5]

Tarullo testified that he had a clear view of Taylor after he came out of the house and that, except for the difference in elevation, he was only a few feet away from him at the time. He testified that he spoke to Taylor for approximately 30 seconds, during which time he and Taylor were facing each other. This testimony shows that Tarullo had sufficient opportunity to view the burglar at the time of the crime and that he was attentive during the encounter.[6]

Although the police report was not admitted, the trial testimony reveals that there were errors in Tarullo's description of Taylor — he misjudged Taylor's age and height and failed to notice or mention that Taylor had a mustache. It was also unclear whether Tarullo accurately described Taylor's clothing. He did, however, accurately describe Taylor's most distinguishing characteristic — his missing front teeth.

Tarullo was certain of his identification when confronted with Taylor on the day of the burglary and was equally certain when he saw Taylor at trial.[7]

Approximately four or five hours elapsed between the time Tarullo first saw the burglar and when he identified Taylor. This time lapse did not render the identification inadmissible.[8]

Considering the totality of the circumstances, we conclude that there was not a substantial likelihood that Tarullo misidentified Taylor as the person he saw leaving Hummewell's house on the day of the burglary. We therefore affirm.

*Judgment affirmed. Smith, C. J., and Johnson, P. J., concur.*

DECIDED APRIL 27, 2004.

*Steven E. Phillips, Maurice Brown*, for appellant.

---

[5] *Neil v. Biggers*, 409 U. S. 188, 199 (93 SC 375, 34 LE2d 401) (1972).

[6] See *McClendon v. State*, 210 Ga. App. 404, 405 (1) (436 SE2d 524) (1993) (identification upheld where witness viewed suspect from his car for about 30 seconds and engaged in brief conversation with him).

[7] See *Heyward v. State*, 236 Ga. 526, 527 (1) (224 SE2d 383) (1976).

[8] See id. (lineup occurred less than a week after robbery); *Smith v. State*, 235 Ga. App. 134, 138 (1) (508 SE2d 490) (1998) (showup occurred four days after robbery); *Carter v. State*, 228 Ga. App. 335, 336 (1) (491 SE2d 525) (1997) (one-on-one showup conducted two days after robbery).

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney*, for appellee.