IN THE MATTER OF THOMAS E. NAVE.
(SUPREME COURT DISCIPLINARY No. 365)
(326 SE2d 769)

PER CURIAM.

Thomas E. Nave, an assistant district attorney, was convicted of the offense of violation of oath by a public officer, OCGA § 16-10-1, an offense punishable by imprisonment for not less than one nor more

than five years. He received a five-year sentence to be served six months in confinement and four years and six months on probation. On the same date sentence was imposed the trial court entered an order pursuant to Standard 66, Rule 4-102 of the Rules and Regulations of the State Bar of Georgia disbarring Nave from the practice of law, "in the Courts of this State." The conviction was affirmed in *Nave v. State*, 171 Ga. App. 165 (318 SE2d 753) (1984). We dismissed Nave's certiorari application due to late filing. His habeas corpus action filed in federal district court was dismissed for failure to exhaust state remedies. In a letter brief before the special master Nave announced his intention to pursue habeas corpus relief in the state courts.

While his conviction was on appeal we entered an order accepting Nave's petition for voluntary suspension pending the outcome of the appeal.

Disciplinary proceedings against Nave were commenced after our dismissal of certiorari and the expiration of the ninety-day period thereafter for seeking certiorari in the United States Supreme Court. A hearing was held before a special master after which the State Disciplinary Board recommended that Nave be disbarred.

We are asked to resolve two issues: (1) Is it necessary for the State Bar to initiate disciplinary procedures under circumstances where an attorney has been disbarred by order of a superior court pursuant to Standard 66, Rule 4-102 of the Rules and Regulations of the State Bar of Georgia? Answer: No. (2) Does a petition for habeas corpus constitute "any appeal" as the term is used in Rule 4-106 and thereby activate that rule so as to delay disbarment? Answer: No.

1. Standard 66, Rule 4-102 deals with a limited aspect of lawyer misconduct and that is conviction of any felony or a misdemeanor which involves moral turpitude.[1] It is broad enough to include a conviction in a foreign jurisdiction. The rule contemplates disciplinary proceedings. While it contemplates a disciplinary proceeding it expressly states that, "[t]his rule shall not be construed to cause any infringement of the existing inherent right of Georgia courts to suspend and disbar lawyers from practice before them based upon conviction of a crime." See *Carpenter v. State*, 250 Ga. 177 (297 SE2d

---

[1] Standard 66. Final conviction of any felony or misdemeanor involving moral turpitude shall be grounds for disbarment. The record of a final conviction in any jurisdiction based upon a guilty plea or upon a verdict of guilt shall be conclusive evidence of such conviction and of infraction of this rule and shall be admissible in proceedings under these disciplinary rules. The record of a final disposition in any jurisdiction based upon a plea of nolo contendere shall be prima facie evidence of infraction of this rule and shall be admissible in proceedings under these disciplinary rules. This rule shall not be construed to cause any infringement of the existing inherent right of Georgia courts to suspend and disbar lawyers from practice before them based upon conviction of a crime.

16) (1982). A case could proceed in superior court and come to this court by way of appeal, or it could follow the disciplinary procedure to this court. We see no need for both procedures. Either is sufficient to completely disbar a lawyer from practice in this state. We recognize if a lawyer is disbarred by a superior court with no appeal taken there is an administrative problem concerning proper record keeping. Therefore, we direct the superior court judge filing an order disbarring an attorney to cause a certified copy thereof to be mailed to the State Bar of Georgia and to this court.

2. We recently held that a "pending habeas corpus petition does not constitute either a continuation of the respondent's appeal or a second appeal" so as to implement Rule 4-106. *In the Matter of Stoner*, 252 Ga. 397 (314 SE2d 214) (1984).

We hold the order of the trial court disbarring Nave from the practice of law in the courts of this state was effective to do just that. It operates as a complete bar to his practice of law in any of the courts of this state.

*So ordered. All the Justices concur.*

DECIDED MARCH 15, 1985.

*William P. Smith III, General Counsel State Bar, George E. Hibbs, Assistant General Counsel State Bar,* for State Bar of Georgia.