S98A0623. REHBERGER v. THE STATE.
S97Y1384. IN THE MATTER OF ROBERT L. REHBERGER.
(502 SE2d 222)

PER CURIAM.

The Superior Court of Henry County disbarred Robert L. Rehberger, a member of the State Bar of Georgia, after he was convicted in that court on one count of the felony of false imprisonment, OCGA § 16-5-41 (see OCGA § 16-1-3 (2) (5)); one count of sexual battery, a misdemeanor of a high and aggravated nature, OCGA § 16-6-22.1; and one count of battery, a misdemeanor. OCGA § 16-5-23.1. Rehberger filed a motion for new trial from the criminal conviction, which remains pending below, and timely filed a notice of appeal from the disbarment order, which was docketed in this Court as Case No. S98A0623. Pursuant to *In the Matter of Nave,* 258 Ga. 377 (369 SE2d 901) (1988), a copy of Rehberger's disbarment order was forwarded to this Court for confirmation purposes and docketed as Case No. S97Y1384.

1. A superior court judge has the power to disbar an attorney based upon his conviction of a crime involving moral turpitude. Standard 66, Rule 4-102 of the Rules and Regulations of the State Bar of Georgia; *In the Matter of Nave,* 254 Ga. 107 (1) (326 SE2d 769) (1985). In Georgia, all felonies are crimes involving moral turpitude. *Lewis v. State,* 243 Ga. 443, 445 (254 SE2d 830) (1979). Although we deem it to be the better practice for superior courts, when dealing with an attorney who has been convicted of a crime involving moral turpitude, to suspend the attorney from the practice of law during the pendency of any post-conviction proceedings rather than disbar the attorney, a superior court does not exceed its authority when it disbars such an attorney prior to the exhaustion of all post-conviction remedies.[1] Accordingly, we find no merit in Rehberger's contention that the trial court was not authorized to disbar him.

2. An attorney licensed to practice law in Georgia who is legally charged and convicted of a crime involving moral turpitude and then disbarred under Standard 66 has been properly afforded due process of law under Art. I, Sec. I, Par. I, Ga. Const. (1983).

3. Rehberger was disbarred not for his criminal conduct per se

---

[1] Any attorney so disbarred may seek reinstatement should his or her criminal conviction be overturned during post-conviction proceedings.

but for his violation of the Standard of Conduct which regulates the behavior of attorneys licensed to practice law in this State. Sanctions imposed by such disciplinary proceedings are not criminal in nature. *Cushway v. State Bar*, 120 Ga. App. 371, 376 (3) (170 SE2d 732) (1969). Hence, contrary to Rehberger's contention, his disbarment did not constitute punishment in excess of that provided by statute for the crimes for which Rehberger was convicted.

*Judgment affirmed and disbarment confirmed. All the Justices concur.*

DECIDED JULY 6, 1998.

Case No. S98A0623

*Alexander J. Repasky*, for appellant.

*Tommy K. Floyd, District Attorney, Thomas R. McBerry, Assistant District Attorney*, for appellee.

Case No. S97Y1384

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar*, for State Bar of Georgia.