## S98Y1166. IN THE MATTER OF LAWRENCE SCOTT McLARTY.
(506 SE2d 850)

PER CURIAM.

This disciplinary matter is before the Court following the entry of an order of the Superior Court of Clarke County pursuant to disciplinary Standard 66 (d), Rule 4-102 (d) of the Rules and Regulations of the State Bar of Georgia, disbarring Lawrence Scott McLarty from the practice of law.

On February 6, 1998, McLarty was convicted by a jury of the felony offenses of trafficking in and possession of cocaine and the misdemeanor offense of possession of marijuana. He was sentenced to serve a period of years in confinement and an order of disbarment was entered by the Superior Court of Clarke County. An appeal from the criminal charges is pending. The State Bar has filed a "Notification of Superior Court Disbarment of Attorney Pursuant to Standard 66 (d)," asking this Court to accept the State Bar's notification and the order of the Superior Court of Clarke County.

This Court has recognized the authority of Georgia superior courts to suspend or disbar a lawyer pursuant to Standard 66 (d) based upon a conviction of a felony or misdemeanor involving moral turpitude. *Rehberger v. State*, 269 Ga. 576 (502 SE2d 222) (1998). See also *In the Matter of Thomas E. Nave*, 254 Ga. 107 (326 SE2d 769) (1985).

We do not disagree that disbarment pursuant to Standard 66 is warranted as a result of McLarty's felony and misdemeanor convictions. Nonetheless, in *Rehberger*, supra, 576, we deemed it "the better practice for superior courts, when dealing with an attorney who has been convicted of a crime involving moral turpitude, to suspend the attorney from the practice of law during the pendency of any post-conviction proceedings rather than disbar the attorney." But we concluded that the "superior court does not exceed its authority when it disbars such an attorney prior to the exhaustion of all post-conviction remedies." Id. Likewise, the trial court properly exercised its discretion under Standard 66 in ordering McLarty's disbarment; and we accordingly accept that order.

McLarty is disbarred from the practice of law in the State of Georgia, and he is reminded of his duties under Bar Rule 4-219 (c). We also advise McLarty that he shall have the right to seek reinstatement from this Court in the event his convictions are overturned during post-conviction proceedings.

*Disbarment confirmed. All the Justices concur.*

DECIDED SEPTEMBER 14, 1998.

*William P. Smith III, General Counsel State Bar, E. Duane*

*Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.

*Hudson & Montgomery, James E. Hudson, Crain & Davis, Michael O. Crain,* for McLarty.