A98A2027. REHBERGER v. THE STATE.
(510 SE2d 594)

BEASLEY, Judge.

Robert Rehberger, a former attorney and candidate for probate judge, was convicted of two misdemeanors, simple battery (OCGA § 16-5-23) and sexual battery (OCGA § 16-6-22.1), and a felony, false imprisonment (OCGA § 16-5-41), for accosting a client during a ten-to-fifteen minute consultation in his office. His sentence included disbarment. Five errors are enumerated.

1. Sufficiency of the evidence of false imprisonment, as required by *Jackson v. Virginia,*[1] is challenged. "On appeal we must view the evidence in a light favorable to the verdict."[2]

Shown was that the 27-year-old victim went to Rehberger's law office to discuss whether she should sign divorce papers presented to her by her husband. When she arrived at Rehberger's office, she recalled that she had met him once before about two years earlier. This time they discussed her marital problem, he agreed to represent her and he instructed her to obtain certain financial documents for his review. As she attempted to leave, he put his arm around her shoulder briefly.

Two weeks later she returned with one of the requested papers, arriving at about 3:00 p.m. Rehberger escorted her into his office, closed the door and the two stood in front of his desk discussing the papers. The victim was holding her umbrella, pocketbook and day-planner when Rehberger asked if she had the original of her husband's pay stub. She indicated it was in the planner and Rehberger took the book and tossed it on his desk. He grabbed her right arm and pulled her against him, holding her with his right arm. He rubbed his body against her while holding her so tightly she could feel he was aroused. He rubbed her backside with his hand, then took her hand and rubbed it up and down on his groin. The victim

---

[1] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] *Benson v. State,* 172 Ga. App. 135, 137 (322 SE2d 339) (1984), citing *Rutledge v. State,* 245 Ga. 768, 769 (267 SE2d 199) (1980).

attempted to push away but he continued to grope her and pulled her skirt up high enough to reveal her underwear. At one point he said to her "What's the matter, you got a boyfriend? I'm sure you do. You're a beautiful girl."

Rehberger pulled her shirt open exposing her breast which he touched. The victim said, "Please don't; I need to go," and she clutched her shirt to her body. Rehberger said, "well, you can't fault me for trying" and put his mouth on hers. She continued to push him away and tell him, "Please don't," but when he let go and she turned to leave, he pulled her back. He began rubbing himself back and forth on her backside. He had one arm around her waist and with his other hand held her right arm over her head. She finally got free, grabbed her book and went out the door. When she got into her car she saw it was 3:19 p.m.

Rehberger argues that even construing the evidence in favor of the verdict, all he did was hold the victim very briefly, which cannot constitute false imprisonment under OCGA § 16-5-41 (a). But "[t]his statute on its face does not require that the imprisonment be for a specific length of time; all that is required is there be an arrest, confinement or detention of the person, without legal authority, which violates the person's personal liberty (i.e., against his or her will)."[3] A brief detention is sufficient.[4] Whether the detention amounted to false imprisonment was for the jury to decide. The evidence sufficed.

2. Rehberger insists the court erred in allowing testimony of two allegedly similar transactions, one involving Rebecca Brown and one involving Lori Tankersly. Rehberger argues (1) the Brown incident was not criminal conduct, (2) the incidents were not presented for a permissible purpose, (3) the Brown incident was not sufficiently similar to the charged offense, and (4) the prejudice of the testimony outweighed its probative value.

Rehberger essentially abandons his objection to Lori Tankersly's testimony, as well he might, because her experience was very similar to the victim's and thus obviously probative. She testified that after a 20-to-30 minute interview about her divorce, in his office with the door closed, Rehberger suddenly pulled her against him and forcibly started to kiss her. He had his arm around her and she could feel his erection against her. She pushed him away, and he said he thought she was attractive and he wished he had someone who looked like her. This incident falls within acceptable similar transaction testimony.[5]

Rehberger's primary argument focuses on the testimony of

---

[3] *Herrin v. State*, 229 Ga. App. 260, 263 (3) (493 SE2d 634) (1997).
[4] See *Reynolds v. State*, 231 Ga. App. 33, 34 (1) (497 SE2d 580) (1998).
[5] See, e.g., *Rary v. State*, 228 Ga. App. 414, 415 (1) (b) (491 SE2d 861) (1997).

Rebecca Brown, a former personal injury client. She testified that the first time she met with Rehberger without her parents present she was age 23. He put his arm around her, told her she was real pretty, and asked if she would date older men. She testified that with his arm around her shoulder he pulled her backwards one step without her consent. Rehberger contends this incident lacks probative value and, although perhaps unprofessional, is not sufficiently similar conduct. The State argues his actions constitute simple battery and contribute to prove Rehberger's motive and intent in the instance on trial and his modus operandi.

Appellate courts uphold trial court decisions to admit evidence unless clearly erroneous.[6] It is error to allow similar transaction evidence solely "to show a probability that the defendant committed the crime . . . because he is a man of criminal character," but a court may permit such evidence to show intent, motive, and course of conduct.[7] "[T]here must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter."[8] "The rule allowing similar transaction evidence has been most liberally extended in the area of sexual offenses."[9] "In crimes involving sexual offenses, evidence of similar previous transactions is admissible to show the lustful disposition of the defendant and to corroborate the victim's testimony. There need only be evidence that the defendant was the perpetrator of both acts and sufficient similarity or connection between the independent crime and the offenses charged."[10]

Rehberger's defense was that he did not do the things the victim described, that he simply met with his client and escorted her out when the meeting was over. Both the Brown and Tankersly incidents are similar sexual advances on young female clients, including uninvited physical contact while Rehberger and the client were alone in his law office. These incidents show Rehberger's unwitnessed disregard of the boundary of a professional relationship based on trust and the substitution of a one-sided personal affront in a place within his exclusive control. They show a course of self-gratifying conduct of impermissibly touching young female clients and a refusal to properly control and conduct himself in their vulnerable presence. It was

---

[6] See *Abrams v. State*, 229 Ga. App. 152, 153 (1) (493 SE2d 561) (1997).

[7] (Citation and punctuation omitted.) *Walraven v. State*, 250 Ga. 401, 407 (4) (b) (297 SE2d 278) (1982); see also *Williams v. State*, 261 Ga. 640, 641 (2) (a) (409 SE2d 649) (1991); *Maggard v. State*, 259 Ga. 291, 293 (2) (380 SE2d 259) (1989); *Smith v. State*, 232 Ga. App. 290 (501 SE2d 523) (1998).

[8] (Citations and emphasis omitted.) *Walraven v. State*, supra, 250 Ga. at 407-408 (4) (b).

[9] (Citation omitted.) *Wilson v. State*, 210 Ga. App. 705, 708 (2) (436 SE2d 732) (1993).

[10] (Citations and punctuation omitted.) *Ryan v. State*, 226 Ga. App. 180, 181 (2) (486 SE2d 397) (1997).

not error to admit the testimony.

3. Rehberger contends the court erred in not instructing the jury concerning the similar transaction testimony contemporaneous with its admission even though he did not request such an instruction at that time. The Supreme Court of Georgia rejected this position in *State v. Hinson*[11] and *State v. Belt*.[12]

4. Rehberger contends his sentence was constitutionally excessive. As in *Winn v. State*,[13] "[t]he sentence was within the statutory limits set by [OCGA § 16-5-41]. We will not review for legal error any sentence which is within the statutory limits. Any question as to the excessiveness of such a sentence should be addressed to the sentence review panel as provided in OCGA § 17-10-6. [Cit.]"

5. Rehberger asserted the trial court was not authorized to disbar him as a part of the sentence. The disbarment has been confirmed, and the enumeration is moot.[14]

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED DECEMBER 18, 1998 ▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Millard C. Farmer, Jr., Joseph M. Nursey*, for appellant.
*Tommy K. Floyd, District Attorney, Thomas R. McBerry, Assistant District Attorney*, for appellee.

---

[11] 269 Ga. 862 (506 SE2d 870) (1998).
[12] 269 Ga. 763 (505 SE2d 1) (1998).
[13] 215 Ga. App. 120 (2) (449 SE2d 667) (1994).
[14] *Rehberger v. State*, 269 Ga. 576 (502 SE2d 222) (1998).