S99Y1453. IN THE MATTER OF MARK FRANTZ.

(520 SE2d 686)

PER CURIAM.

Respondent Mark Frantz was suspended under State Bar Rule 4-106 pending the termination of his appeal of a conviction in the United States District Court for the Northern District of Georgia of bribery, a felony violation of 18 USC § 666 (a) (2). See *In the Matter of Frantz,* 267 Ga. 43 (475 SE2d 913) (1996). Frantz' conviction was affirmed by the United States Court of Appeals for the Eleventh Circuit and the United States Supreme Court denied his petition for a writ of certiorari on December 15, 1997. The State Bar, pursuant to Bar Rule 4-106 (f) (1), subsequently petitioned the special master to convene a hearing to determine the circumstances of the termination of Frantz' appeal and to recommend further disposition of the disciplinary matter. After the hearing, at which the State Bar and Frantz appeared, the special master filed a final report in which he concluded that Frantz' appeal had terminated within the meaning of Georgia law. The review panel accepted and approved the findings of fact and the recommendation of the special master of disbarment as an appropriate sanction for Frantz' violation of Standard 66 (conviction of any felony or misdemeanor involving moral turpitude) of Bar Rule 4-102 (d). We agree.

Although Frantz argues that his appeal has not terminated due to his pending "Motion to Vacate, Set Aside or Correct a Sentence Pursuant to Title 28 USC 2255," the term "termination of appeal" as stated in Bar Rule 4-106 (f) (1) includes only first level appeals through the United States Supreme Court and does not apply to habeas corpus and similar collateral procedures that are neither continuation of appeals nor second appeals. See *In the Matter of Nave,* 254 Ga. 107 (2) (326 SE2d 769) (1985); *In the Matter of Stoner,* 252 Ga. 397 (314 SE2d 214) (1984). We also find that this Court's previous statements that it is better to suspend, rather than disbar, an attorney who has been convicted of a crime involving moral turpitude during the pendency of "any post-conviction proceedings" refer to "termination of appeal" as used in Bar Rule 4-106 (f) (1). See *In the Matter of McLarty,* 269 Ga. 749 (506 SE2d 850) (1998); *In the Matter of Rehberger,* 269 Ga. 576 (502 SE2d 222) (1998). Frantz' written exceptions to the Review Panel's findings were untimely under Bar Rule 4-219 (a), and have not been considered by this Court.

We note as aggravating factors Frantz' failure to acknowledge

the wrongful nature of his conduct and his substantial experience in the practice of law, having been admitted to practice in 1984. Furthermore, in several previous cases in which attorneys have violated Standard 66 based on convictions for offenses similar to those of Frantz, the attorneys were either disbarred or voluntarily surrendered their licenses to practice. See *In the Matter of Bernard*, 265 Ga. 767 (462 SE2d 376) (1995); *In the Matter of Nave*, supra; *In the Matter of Matthews*, 249 Ga. 586 (293 SE2d 716) (1982).

Accordingly, Frantz is disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED SEPTEMBER 13, 1999 —
RECONSIDERATION DENIED OCTOBER 15, 1999.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.