## S03Y1750. IN THE MATTER OF R. DALE PERRY.
### (589 SE2d 65)

PER CURIAM.

This matter is before the Court on Respondent R. Dale Perry's Petition for Voluntary Discipline, submitted pursuant to Bar Rule 4-227 (c) (1) after the State Bar filed two Formal Complaints against him in State Disciplinary Board ("SDB") Docket Nos. 4254 and 4515. Although Perry filed a response in SDB Docket No. 4254, he failed to respond to the complaint filed in SDB Docket No. 4515. In his petition, Perry requests the imposition of a six-month suspension for his admitted violations of Standard 65 (A) of Bar Rule 4-102 (d) and Rule 9.3 of the Georgia Rules of Professional Conduct. Although violations of both Standard 65 (A) and Rule 9.3 are punishable by disbarment, the State Bar and the special master have recommended that this Court accept Perry's petition.

With respect to the facts alleged in SDB Docket No. 4254, Perry admits that he violated Standard 65 (A) when he received $3,000 in fiduciary funds on behalf of a client and commingled those funds with his own funds. When this act of malfeasance was discovered some years later and a grievance was filed with the State Bar, Perry promptly forwarded a cashier's check to the Probate Court of Athens-Clarke County in the amount of $5,495.27 — representing the principal amount of the client's money, plus interest — with instructions that the court should hold the funds for the benefit of the client. Perry contends that he did not misappropriate the client's funds but rather that, as a sole practitioner with only one administrative assistant, his problems stemmed from poor management practices.

Additionally, although he denies the allegations set forth in SDB Docket No. 4515, Perry acknowledges that his failure to respond to the Investigative Panel after the filing of the Formal Complaint resulted in the Panel's finding of probable cause. By way of explanation, Perry states that he reasonably believed the Investigative Panel would conclude that the complaint against him was baseless under then-existing law. Nonetheless, he takes responsibility and apologizes for his failure to respond to disciplinary authorities, and concedes that his failure to respond constituted a violation of Rule 9.3 of the Georgia Rules of Professional Conduct.

We note that Perry's request for a six-month suspension under these circumstances is consistent with this Court's prior decisions. See *In the Matter of Drucker*, 274 Ga. 536 (556 SE2d 129) (2001); *In the Matter of deRosay*, 268 Ga. 868 (494 SE2d 339) (1998). Although we reject Perry's claim that his commingling of funds is any less culpable because it was due to poor management skills, we conclude that there are several other mitigating factors present in this matter. Chief among these are Perry's prompt actions to rectify his mishan-

dling of client funds. We also note that Perry has demonstrated a remorseful attitude, cooperated with the disciplinary authorities during their investigation, and appears to have been suffering from emotional and personal distress at the time of his misconduct. In light of these mitigating factors, we conclude that a six-month suspension is the appropriate sanction in this matter. Accordingly, Perry hereby is suspended from the practice of law in Georgia for a period of six months. He is reminded of his duties under Bar Rule 4-219 (c).

*Six-month suspension. All the Justices concur.*

DECIDED NOVEMBER 10, 2003.

*William P. Smith III, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar,* for State Bar of Georgia.

*R. Chris Phelps,* for Perry.

