## A04A0360. REHBERGER v. THE STATE.
### (600 SE2d 635)

BARNES, Judge.

Robert Rehberger appeals the trial court's denial of his motion to vacate a void sentence. He contends that his sentence of ten years to serve four in custody is void because of various insufficiencies in his indictment. Because Rehberger has already had a direct appeal of his conviction, and because he raised these issues in a previous motion to vacate his sentence, which the trial court denied but Rehberger did not appeal, we affirm the trial court's denial of this motion.

Rehberger, a former attorney, was convicted of two misdemeanors, simple battery and sexual battery, and a felony, false imprisonment. Those convictions were affirmed on direct appeal in *Rehberger v. State*, 235 Ga. App. 827 (510 SE2d 594) (1998). The Supreme Court of Georgia affirmed the superior court's disbarment of him in *Rehberger v. State*, 269 Ga. 576 (502 SE2d 222) (1998).

On February 21, 2000, Rehberger, acting pro se, filed a motion to set aside a void judgment, arguing that (1) 26 grand jurors were impaneled when there should have been only 23, (2) the State failed to charge the necessary element of intent in the false imprisonment count, and (3) the sexual battery count was void because the State failed to specify which body parts the defendant touched improperly. The trial court denied that motion on March 22, 2000, and that order was not appealed.

On May 30, 2003, Rehberger, represented by counsel, filed a second motion to vacate a void judgment. Following a hearing, the trial court denied the motion on August 19, 2003, and Rehberger has appealed.

While he did not challenge the sufficiency of the indictment against him in his previous direct appeal, Rehberger could have done so.

> In [*Perry v. McLendon*, 62 Ga. 598 (1879)], Justice Bleckley observed: "Whoever brings the legality of an imprisonment into question by writ of habeas corpus, should, in the first instance, show as much cause for his attack as he can. He must discharge all his weapons, and not reserve a part of them for use in a future rencounter. He must realize that one defeat will not only terminate the campaign, but end the war." Id. at 605. This principle of res judicata, found as statutory law in OCGA § 9-12-40, has been applied even more recently to the same circumstances of successive habeas corpus actions and direct challenges to the judgments of conviction. *Hunter v. State*, 260 Ga. 762 (399 SE2d 921) (1991); *Wells v. Keith*, 213 Ga. 858 (102 SE2d 533) (1958). It applies here as well.

*Judkins v. State*, 218 Ga. App. 767, 769 (3) (463 SE2d 362) (1995). Rehberger's arguments on appeal mirror the arguments he made previously.

> A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.

OCGA § 9-12-40. Therefore, Rehberger's arguments are barred by the doctrine of res judicata.

Further, while the trial court may resentence a defendant at any time if his sentence is void, the definition of a void sentence is one that imposes punishment that the law does not allow. *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991). Rehberger was convicted of false imprisonment, sexual battery, and simple battery. The trial court sentenced him to ten years, twelve months, and twelve months on those counts, to run concurrently, and provided that upon service of four years in custody, Rehberger could serve the remaining six years on probation. False imprisonment is punishable by a sentence of no less than one nor more than ten years (OCGA § 16-5-41 (b));

sexual battery and simple battery are misdemeanor offenses (OCGA §§ 16-6-22.1 (c); 16-5-23 (b)) that are punishable by sentences of up to twelve months (OCGA § 17-10-3 (a) (2)). Rehberger's sentence fell within the allowable statutory range for his crimes and is not void. *Daniels v. State*, 244 Ga. App. 522 (536 SE2d 206) (2000). The trial court did not err in denying Rehberger's motion.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED MAY 19, 2004 —
RECONSIDERATION DENIED JUNE 14, 2004 —

*August F. Siemon*, for appellant.

*Tommy K. Floyd, District Attorney, Thomas R. McBerry, Assistant District Attorney*, for appellee.