**In re Robert L. REHBERGER,**
**Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 98–BG–333.**

District of Columbia Court of Appeals.

Submitted Jan. 17, 2006.
Decided Feb. 2, 2006.

Robert L. Rehberger, pro se.

Wallace E. Shipp, Jr., Bar Counsel and Elizabeth Herman, Senior Assistant Bar Counsel, for the Office of Bar Counsel.

Before REID and FISHER, Associate Judges, and PRYOR, Senior Judge.

REID, Associate Judge:

On May 15, 1997, the Superior Court of Henry County, Georgia convicted respondent, Robert L. Rehberger, of felony false imprisonment, misdemeanor sexual battery, and misdemeanor simple battery for actions toward his client. The court also disbarred Mr. Rehberger, finding that the criminal conduct involved moral turpitude. Bar Counsel notified us of this action [1] and we issued an interim suspension order against Mr. Rehberger on March 17, 1998, pursuant to D.C. Bar R. XI, §§ 10(c) and 11(d). We ordered the Board on Professional Responsibility ("Board") to (1) institute a formal proceeding to determine the nature of final discipline in this jurisdiction and specifically to determine whether the elements of the offenses involved moral turpitude within the meaning of D.C.Code § 11–2503(a) [2] and (2) determine whether identical, greater or lesser discipline should be imposed as reciprocal discipline or whether the Board would proceed *de novo*. [3]

On July 6, 1998, the Supreme Court of Georgia upheld Mr. Rehberger's disbarment. *See Rehberger v. Georgia,* 269 Ga. 576, 502 S.E.2d 222, 223 (1998) (*Rehberger I*). Under Georgia law, "all felonies are crimes involving moral turpitude." *Id.* Georgia also describes misdemeanor sexual battery as an offense "of a high and aggravated nature." *Id.* On December 18, 1998, the Court of Appeals of Georgia affirmed Mr. Rehberger's conviction on all counts. *See Rehberger v. Georgia,* 235 Ga. App. 827, 510 S.E.2d 594 (1998) (*Rehberger II*). [4]

Upon receiving a certified copy of the order of the Supreme Court of Georgia disbarring Mr. Rehberger, we ordered the Board to consider this matter in conjunction with the matters referred to in the

---

1. In addition, Bar Counsel reported Mr. Rehberger's disbarment by the Supreme Courts of Illinois and Missouri, based on his disbarment and conviction in Georgia.

2.
   When a member of the bar of the District of Columbia Court of Appeals is *convicted of an offense involving moral turpitude,* and a certified copy of the conviction is presented to the court, the court shall, pending final determination of an appeal from the conviction, suspend the member of the bar from practice .... If a final judgment of conviction is certified to the court, the name of the member of the bar so convicted shall be struck from the roll of the members of the bar and such person shall thereafter cease to be a member.
   D.C.Code § 11–2503(a) (2005) (emphasis added).

3. *In re Rehberger,* No. 98–BG–333 (D.C. Mar. 17, 1998).

4. Subsequently, the Supreme Court of Georgia denied Mr. Rehberger's petition for certiorari on May 14, 1999. His post-conviction motion to vacate a void sentence, on the ground of insufficiency of the indictment against him, was denied. *See Rehberger v. Georgia,* 267 Ga.App. 778, 600 S.E.2d 635 (2004). The Supreme Court of Georgia denied certiorari on September 7, 2004.

court's March 17, 1998 interim suspension order.[5] On March 23, 1999, the Board referred the matter to a Hearing Committee to determine whether Mr. Rehberger's offenses involved moral turpitude on the facts, and, if not, to determine the appropriate discipline to be imposed based on the entire record. The Hearing Committee held an evidentiary hearing on October 24, 2001 and Mr. Rehberger participated *pro se* by telephone. On August 7, 2003, the Hearing Committee issued a report recommending that Mr. Rehberger be disbarred for a crime of moral turpitude on the facts and for his related violations of Rules 1.7(b)(4) and 8.4(b). In its Report and Recommendation, the Board adopted the Hearing Committee's conclusion and recommends that this court disbar Mr. Rehberger as mandated by D.C.Code § 11–2503(a) or, in the alternative, for violations of Rules 1.7(b)(4) and 8.4(b). Bar Counsel does not take exception. Mr. Rehberger takes exception and requests this court to dismiss the disciplinary proceeding because it was initiated upon review of illegal and void Georgia criminal convictions.

Generally, we are obligated to "accept the findings of fact made by the Board unless they are unsupported by substantial evidence of record, and [to] adopt the recommended disposition of the Board unless to do so would foster a tendency toward inconsistent dispositions for comparable

conduct or would otherwise be unwarranted." D.C. Bar R. XI, § 9(g)(1) (2005); *In re Bailey*, 883 A.2d 106, 115 (D.C.2005).[6] However, " 'in the final analysis, the responsibility to discipline lawyers is the court's.' " *In re Sims*, 844 A.2d 353, 360 (D.C.2004) (quoting *In re Edwards*, 808 A.2d 476, 482 (D.C.2002)). We "review *de novo* any Board determination of moral turpitude, since the ultimate issue of moral turpitude is one of law rather than fact." *In re Tidwell*, 831 A.2d 953, 957 (D.C.2003) (quoting *In re Kerr*, 611 A.2d 551, 553 (D.C.1992)) (other citation and internal quotation marks omitted).

### *Crime of Moral Turpitude*

A crime involves moral turpitude if (a) "the act denounced by statute offends the generally accepted moral code of mankind;" (b) it involves "baseness, vileness or depravity in the private and social duties which a man owes to his fellow men or to society in general, contrary to the accepted and customary rule of right and duty between man and man;" or (c) the act is "contrary to justice, honesty, modesty, or good morals." *In re Colson*, 412 A.2d 1160, 1168 (D.C.1979) (en banc); *In re Wheeler*, 871 A.2d 476, 478 (D.C.2005). "When a member of the District of Columbia Bar is convicted of a crime of moral turpitude *per se*, disbarment is automatic." *In re Sims, supra*, 844 A.2d at 360 (citation omitted). The conviction of a "serious crime"[7] "may lead to the determination

---

5. *In re Rehberger*, No. 98–BG–333 (D.C. July 30, 1998).

6. "In the same vein, 'the Board is obligated to accept the hearing committee's factual findings if those findings are supported by substantial evidence, viewed as a whole.' " *In re Bailey, supra*, 883 A.2d at 115 (citation omitted). Here, the Hearing Committee's findings were "based largely upon the testimony provided under oath at the criminal trial of [Mr. Rehberger] and accepted by the Georgia

Court of Appeals in its affirmance of [Mr. Rehberger's] convictions."

7.

The term "serious crime" shall include (1) any felony, and (2) any other crime a necessary element of which, as determined by the statutory or common law definition of such crime, involves improper conduct as an attorney, interference with the administration of justice, false swearing, misrepresentation, fraud, willful failure to file income tax returns, deceit, bribery, extortion, misap-

that the crime is one of moral turpitude *per se*, but a misdemeanor, even one characterized as a 'serious crime' does not involve moral turpitude *per se*." *Id.* at 360–61. Furthermore, "although certain crimes, including misdemeanors, may not be denoted crimes of moral turpitude *per se*, they may constitute crimes of moral turpitude under 'the circumstances of the transgression.'" *Id.* (citing *In re McBride (II)*, 602 A.2d 626, 635 (D.C.1992) (en banc)).[8]

■ We turn now to the question whether Mr. Rehberger's misdemeanor convictions of sexual battery and simple battery involved moral turpitude on the facts presented. Mr. Rehberger argues that "[w]hat was done to [him] is a known political prank and fixed proceeding." The record disputes this characterization. The Court of Appeals of Georgia described in graphic detail his sordid sexual contact with and abuse of a female client who sought his advice concerning divorce action taken by her husband. *See Rehberger II*, 510 S.E.2d at 595–96. Mr. Rehberger's criminal conduct not only "offend[ed] the generally accepted moral code of mankind," but it also was base, vile, and depraved, as well as "contrary to ... good morals." *In re Colson, supra*, 412 A.2d at 1168.

In addition, Mr. Rehberger's conduct toward his client was for his own personal gratification which "[exceeded] his ability to demonstrate a public respect and appreciation of existing societal morals and values." *In re Wolff*, 490 A.2d 1118, 1120 (D.C.1985) (alteration in original). In the

past, we have determined that an attorney's misdemeanor sexual contact conviction relating to a minor involved a crime of moral turpitude on the facts. *See In re Bewig*, 791 A.2d 908, 909 (D.C.2002). We agree with the Board that our designation of misdemeanor sexual convictions as crimes of moral turpitude on the facts should not be limited to "particularly vulnerable classes of persons" such as children. Indeed, respondent's twenty-seven-year-old client and victim was quite vulnerable while being subjected to Mr. Rehberger's forceful, unwelcome, sordid sexual conduct. We also agree that the Board's disposition would not foster inconsistent decisions for comparable conduct or otherwise be unwarranted. D.C. Bar R. XI, § 9(g)(1).

■ Under D.C.Code § 11–2503(a), Mr. Rehberger's convictions for misdemeanor sexual battery and misdemeanor simple battery constitute crimes of moral turpitude on the facts and are grounds for disbarment. We need not reach the questions as to whether Mr. Rehberger has violated Rules 1.7(b)(4) or 8.4(b), or whether his crime of felony false imprisonment constitutes a crime of moral turpitude on the facts. And we accept the Board's recommendation that the reciprocal discipline proceeding be dismissed as moot. *In re Bereano*, 719 A.2d 98, 99 (D.C.1998). Furthermore, we conclude that Mr. Rehberger's other arguments regarding the validity of his convictions are neither persuasive nor supported by the record before us.

propriation, theft, or an attempt or a conspiracy or solicitation of another to commit a "serious crime."
D.C. Bar Rule XI, § 10(d).

8. The Board concluded that "the felony offense of false imprisonment, though a 'serious crime,' d[id] not inherently involve moral tur-

pitude in [the District of Columbia] and that moral turpitude *per se* d[id] not attach in [the District of Columbia] for ... [the misdemeanor] convictions." The Board's moral turpitude analysis centers around the sexual misconduct.

Accordingly, for the reasons set forth above, it is hereby

ORDERED that Robert L. Rehberger is disbarred from the practice of law in the District of Columbia, forthwith. The effective date of respondent's disbarment shall run, for reinstatement purposes, from the date respondent files his affidavit pursuant to D.C. Bar Rule XI, § 14(a).

FURTHER ORDERED, that the Clerk of the Court shall cause a copy of this order to be transmitted to the Chairman of the Board on Professional Responsibility and to the respondent, thereby giving him notice of the provisions of Rule XI, §§ 14 and 16, which set forth certain rights and responsibilities of disbarred attorneys and the effect of failure to comply therewith.

FURTHER ORDERED that the reciprocal discipline proceeding is dismissed as moot.

*So ordered.*