## S10Y0962. IN THE MATTER OF CHARLES PHILIP GIALLANZA.

(695 SE2d 254)

PER CURIAM.

This disciplinary matter is before the Court on the recommendation of Special Master David Anthony LaMalva that Charles Philip Giallanza (State Bar No. 292510) be indefinitely suspended based on his mental incapacity to practice law. See Bar Rule 4-104 (a) of the Georgia Rules of Professional Conduct. The Special Master also recommends that the grievances that gave rise to this action, and the other nine disciplinary matters that are pending, be placed on inactive status.

This particular matter began with the six separate grievances filed against Giallanza based, in part, on his mishandling and misappropriation of client funds. After the filing of formal complaints with respect to several of the grievances, Giallanza filed a petition for voluntary discipline seeking a two-year suspension with conditions. The Special Master and the State Bar recommended acceptance of the petition, but this Court unanimously rejected it, stating that "a two-year suspension is an insufficient sanction for Giallanza's conduct." *In the Matter of Giallanza*, S08Y0486 (Feb. 11, 2008). Upon remand, the State Bar sought a mental health examination for Giallanza. The psychologist conducting the evaluation concluded that Giallanza shows significant cognitive impairments, meets the criteria for a diagnosis of dementia, and is not able to function at the level required of a practicing attorney. Based upon this evaluation, the special master concluded that Giallanza lacks the mental capacity to competently practice law and questioned whether Giallanza has the ability to defend himself against the substantive allegations raised in the disciplinary proceeding. The special master thus recommended an indefinite suspension and that the other pending matters be placed on inactive status.

The special master's report and recommendation was issued on November 16, 2009 and was filed with this Court on February 23, 2010. Neither party requested review by the Review Panel under Rule 4-217 (c), and thus under Rule 4-219, any exceptions were to be filed with this Court by March 15, 2010. Giallanza filed exceptions in this Court on March 29, 2010, and asks that his exceptions be considered timely because he filed them with the State Disciplinary Board on March 8, 2010 and because he has been deemed to be mentally impaired. However, the procedural rules are clear and because Giallanza's exceptions are untimely, this Court declines to consider them.

Having reviewed the record, this Court concludes that an indefinite suspension is appropriate under the circumstances of this case.

Therefore, it is hereby ordered that Charles Philip Giallanza be suspended from the practice of law until further order of this Court and that the pending disciplinary matters be placed on inactive status. Giallanza's reinstatement is conditioned upon his providing to the Review Panel certification from a board-certified psychiatrist that he is mentally competent, and upon the Review Panel's finding that he is of sound mind and mentally competent to practice law within the meaning of Bar Rule 4-104. It is further ordered that all pending disciplinary matters be placed on inactive status and held, pending any application for reinstatement. Giallanza is reminded of his duties under Bar Rule 4-219 (c).

*Indefinite suspension. All the Justices concur.*

DECIDED JUNE 1, 2010.

*Paula J. Frederick, General Counsel State Bar, Rebecca A. Hall, Assistant General Counsel State Bar*, for State Bar of Georgia.