[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15226
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-00095-AT

ROBERT L. REHBERGER,

                                                            Plaintiff-Appellant,

versus

HENRY COUNTY, GEORGIA,
THE STATE OF GEORGIA,
UNITED STATES OF AMERICA,
THE STATE BAR ASSOCIATION OF GEORGIA,

                                                            Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 18, 2014)

Before TJOFLAT, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

Robert Rehberger, a lawyer, was convicted in the Superior Court of Henry County, Georgia, of false imprisonment, sexual battery and simple battery and sentenced to four years in prison.  He was thereafter disbarred from the practice of law, *see Rehberger v. State*, 502 S.E.2d 222 (GA. 1998), and he filed a number of law suits, including the one now before us against Henry County, the State of Georgia, the United States of America and the General Counsel of the State Bar of Georgia.  According to his complaint, these defendants denied him effective and meaningful access to the courts and violated his due process rights by obtaining allegedly invalid state court convictions against him and barring him from the practice of law.  The district court dismissed Rehberger's complaint as frivolous. He appeals the dismissal, proceeding *pro se* and *informa pauperis* ("*IFP*").

Section 1915(e) of Title 28 of the U.S. Code provides that any case proceeding *IFP* shall be dismissed, at the court's discretion, at any time if it is frivolous.  28 U.S.C. § 1915(e)(2)(B)(i).  *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002).  A claim is frivolous if it is without arguable merit in fact or law. *Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).  Moreover, "conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal."  *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

Adequate, effective, and meaningful access to the courts is a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and the Fourteenth Amendment. *Chappell v. Rich*, 340 F.3d 1279, 1282 (11th Cir. 2003). In order to prevail on a claim that this right has been violated, a plaintiff must identify a nonfrivolous and arguable underlying claim—whether anticipated or lost—in his complaint. *Christopher v. Harbury*, 536 U.S. 403, 415, 122 S.Ct. 2179, 2186-87, 153 L.Ed.2d 413 (2002).

If a plaintiff seeks damages for allegedly unconstitutional conviction or imprisonment, the conviction or sentence has not yet been invalidated, and judgment in favor of the plaintiff would necessarily imply the invalidity of the conviction, the complaint must be dismissed. *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994).

As an initial matter, Rehberger's argument that 28 U.S.C. § 1915(e) applies only to claims by prisoners is meritless, as the statute by its terms applies to all *IFP* proceedings. *See* 28 U.S.C. § 1915(e)(2)(B)(i). The district court did not abuse its discretion in dismissing Rehberger's complaint as frivolous. Rehberger's claims consist of conclusory allegations untied to the specific parties he identifies as defendants, lack factual support, and are without arguable legal merit. *See Denton*, 504 U.S. at 32-33, 112 S.Ct. at 1733; *Oxford Asset Mgmt., Ltd.*, 297 F.3d at 1188. Rehberger has not identified an underlying claim that is nonfrivolous and arguable

or any instance in which he has been denied the opportunity to present claims before the courts. *See Christopher*, 536 U.S. at 415, 122 S.Ct. at 2186-87. In addition, to the extent he challenges his convictions, judgment in his favor would necessarily imply the invalidity of his convictions and thus his claims are barred by *Heck*. *See Heck*, 512 U.S. at 486-87, 114 S.Ct. at 2372. Rehberger brings his claims against the State defendants under 42 U.S.C. § 1983. The statute of limitations for § 1983 claims arising in Georgia is two years. *Brown v. Ga. Dep't of Revenue*, 881 F.2d 1018, 1022 n.10 (11th Cir. 1989). All of the actions Rehberger complains of occurred in the late 1990's and early 2000's (between 1997 and 2010, at the latest), well outside the two-year limitations period. *See Brown*, 881 F.2d at 1022 n.10. Hence, the § 1983 claims are time-barred.

AFFIRMED.