**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the Supreme Court of Georgia

Decided: January 17, 2024

S24Y0071, S24Y0072, S24Y0073. IN THE MATTER OF R. DALE PERRY.

PER CURIAM.

These disciplinary matters are before the Court on the report and recommendation of Special Master Patrick H. Head, who recommends disbarring respondent R. Dale Perry (State Bar No. 572785), for his violations of Rules 1.3, 1.4, 1.15 (I), 1.16, and 3.2 of the Georgia Rules of Professional Conduct ("GRPC"), found in Bar Rule 4-102 (d), in three client matters. The maximum sanction for a single violation of Rules 1.3 or 1.15 (I) is disbarment, while the maximum sanction for a single violation of Rules 1.4, 1.16, or 3.2 is a public reprimand. Because Perry has previously received a formal letter of admonition from the Bar and a six-month suspension from this Court, see *In the Matter of Perry*, 277 Ga. 347 (589 SE2d 65) (2003), the instant disciplinary matters "in and of [themselves]

constitute discretionary grounds for suspension or disbarment." Bar Rule 4-103. Despite being personally served with the formal complaint, Perry, who has been a member of the State Bar of Georgia since 1981, failed to timely answer or otherwise respond, and the Special Master therefore found him to be in default such that the factual allegations and the disciplinary violations charged in the formal complaints were deemed admitted. See Bar Rule 4-212 (a). After assessing Perry's conduct in the context of the American Bar Association Standards for Imposing Lawyer Sanctions ("ABA Standards"), see *In the Matter of Morse*, 266 Ga. 652, 653 (470 SE2d 232) (1996) (stating that this Court looks to the ABA Standards for guidance in determining appropriate disciplinary sanction), the Special Master recommends that Perry be disbarred from the practice of law. Perry did not petition for review by the Review Board or file exceptions in this Court.[1] Having carefully reviewed the

---

[1] Before these matters were docketed in this Court, Perry filed a late "response" to the Special Master's report and recommendation attempting to offer mitigating information. We do not consider this information because Perry did not file it within the 30-day deadline for filing exceptions to the

record, we agree that Perry's abandonment of his clients warrants his disbarment.

The facts, as alleged in the formal complaints and as deemed admitted by Perry's default, show that in State Disciplinary Board Docket ("SDBD") No. 7625, Perry was hired to represent a client in a divorce in July 2020, but he failed to consult with the client about case strategy and objectives, to keep him informed about the status of the case, or to respond to his inquiries. Perry failed to respond to discovery requests and the motion to compel filed by the opposing

---

Special Master's report and seeking review by the Review Board and did not otherwise seek or obtain an extension of time to make a late filing, nor did he file these exceptions in this Court after the record was filed here. See Bar Rule 4-214 (c) (providing that the Clerk of the State Disciplinary Boards shall file the disciplinary record in this Court unless a party requests review by the Review Board and files exceptions to the Special Master's report within 30 days of the date that report is filed); Bar Rule 4-218 (providing that after a disciplinary record is filed in this Court, any exceptions to a report of the Special Master or Review Board "shall be filed with the Court within 30 days of the date that the record is filed with the Court and a copy served upon the opposing party"). See also, e.g., *In the Matter of Giallanza*, 287 Ga. 257, 257 (695 SE2d 254) (2010) ("the procedural rules are clear and because [the] exceptions are untimely, this Court declines to consider them"); *In the Matter of Ellison*, 280 Ga. 303 (627 SE2d 25) (2006) (finding that attorney's exceptions to the review panel's report were "untimely and without merit"); *In the Matter of Frantz*, 271 Ga. 529, 530 (520 SE2d 686) (1999) (attorney's "written exceptions to the Review Panel's findings were untimely under [former] Bar Rule 4-219 (a), and have not been considered by this Court").

party and failed to tell the client about the motion to compel and the hearing on the motion. The trial court granted the motion to compel and assessed sanctions against Perry and the client. When the client terminated the representation, Perry failed properly to withdraw or timely to return the client's file. In SDBD No. 7626, Perry was hired to represent a client in a divorce in September 2020, but for one year, Perry failed to consult with the client about his objectives, to keep him informed about the status of the case, to respond to his requests for information, and to withdraw timely after the client terminated the representation.

In SDBD No. 7658, Perry was hired to represent a client in a divorce in August 2021, for which he received a $6,000 retainer. Perry stopped communicating with the client and did not respond to the client's numerous attempts to contact him. In October 2021, the client was able to meet with Perry to execute an affidavit, but he did not hear from Perry after that meeting. The client retained new counsel in November 2021 and learned that a motion to compel had been filed against him for failure to respond to discovery requests.

4

Perry never informed the client about the discovery requests or the motion to compel and failed to respond properly to the motion. Perry failed to respond to the client's requests for an accounting of the retainer and for the return of any unearned portion. He also failed to respond to the petition for fee arbitration that the client filed with the Fee Arbitration Panel of the State Bar. The arbitrators awarded the client $6,000, finding that Perry abandoned the client and that the client received no value from Perry's legal services. In December 2022, Perry satisfied the arbitrators' award by refunding $6,000 to the client. The client believes that he suffered injury because Perry's lack of attention resulted in him receiving a less favorable division of assets in the divorce.

Based on his factual findings, the Special Master concluded that in all three matters, Perry violated Rule 1.3[2] by abandoning his clients and by failing to use reasonable diligence and promptness,

---

[2] Rule 1.3 provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client," and defines "reasonable diligence" to mean that "a lawyer shall not without just cause to the detriment of the client in effect willfully abandon or willfully disregard a legal matter entrusted to the lawyer."

which was detrimental to them, and Rule 1.4 (a)[3] by failing to consult with the clients about their objectives and how those were to be obtained, to keep the clients informed about the status of their cases, to comply with reasonable requests for information, and to inform the clients about discovery requests and motions to compel. The Special Master concluded that Perry violated Rule 1.15 (I) (c)[4] in SDBD No. 7658 because Perry did not respond to the client's request for an accounting of the retainer and Perry did not return the funds until December 2022, when he paid the arbitration award. The Special Master concluded that in all three matters Perry

---

[3] Rule 1.4 (a) provides in relevant part that

(a) A lawyer shall:
   (2) reasonably consult with the client about the means by which the client's objectives are to be accomplished;
   (3) keep the client reasonably informed about the status of the matter; [and]
   (4) promptly comply with reasonable requests for information[.]

[4] Rule 1.15 (I) (c) provides in relevant part that "[u]pon receiving funds . . . in which a client . . . has an interest, a lawyer shall promptly notify the client . . . . Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client . . . any funds or other property that the client . . . is entitled to receive and, upon request by the client . . . , shall promptly render a full accounting regarding such property."

violated Rule 1.16 (d)[5] by failing to return immediately the clients' files upon being terminated, and in SDBD No. 7658, by failing to refund the unearned portion of the retainer. Finally, the Special Master concluded that Perry violated Rule 3.2[6] by failing to make reasonable efforts to expedite the litigation in SDBD Nos. 7625 and 7626 because he failed to consult the clients, to notify them about discovery requests, or to conduct discovery, and his dilatory actions resulted in opposing counsel filing a motion to compel in SDBD No. 7625.

The Special Master then applied the framework set out in the ABA Standards to consider (1) the duty violated; (2) the lawyer's mental state; (3) the actual or potential injury caused by the lawyer's misconduct; and (4) applicable aggravating and mitigating factors.

---

[5] Rule 1.16 (d) provides in relevant part that "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as . . . surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned."

[6] Rule 3.2 provides that "[a] lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client."

The Special Master found that Perry violated his duty of diligence to his clients, and his duty to the legal system to expedite litigation. See ABA Standards 4.41 (disbarment generally appropriate when lawyer abandons the practice, knowingly fails to perform services, or engages in a pattern of neglect and causes injury to client); 6.2 (providing appropriate sanctions for lawyer's violation of duties owed to legal system, including failure to expedite litigation). The Special Master found that Perry had abandoned each of his clients, which indicated a pattern of neglect. The Special Master found that Perry's misconduct resulted in actual injury to the client in SDBD No. 7658 and potential serious injury to the clients in SDBD Nos. 7625 and 7626.

In aggravation, the Special Master found that Perry had substantial experience in the practice of law; that he exhibited a pattern of misconduct; that he had not acknowledged the wrongful nature of his conduct; and that he had a prior disciplinary history. See ABA Standard 9.22 (a), (c), (g), (i). In mitigation, the Special Master found that Perry did not have a dishonest or selfish motive;

8

"he just ignored or abandoned his client[s]." See ABA Standard 9.32 (b). The Special Master found that the Bar indicated in the formal complaints that Perry may have had some health issues, but they were not mitigating because the Special Master received no information supporting that suggestion. The Special Master found that while Perry made restitution to the client in SDBD No. 7658, he did not do so until after the client obtained an arbitration award, so restitution was not mitigating. See generally ABA Standards 9.32 (d) and (h).

Finally, the Special Master concluded that Perry failed to respond to the formal complaints, such that he was in default and should be disbarred based on the violations he was deemed to have admitted. The Special Master noted that this Court has previously disbarred attorneys in matters where they abandoned or neglected client matters and failed to respond to disciplinary proceedings pertaining to similar rules violations. See *In the Matter of Larson*, 305 Ga. 522 (826 SE2d 99) (2019) (disbarring attorney found in default for violating Rules 1.2, 1.3, 1.4, 1.16 (d), 3.2, 8.4 (a) (4), and

9.3 by abandoning four criminal clients); *In the Matter of Moore*, 303 Ga. 296 (811 SE2d 343) (2018) (disbarring attorney found in default for violating Rules 1.1, 1.2, 1.3, 1.4, 1.5, 1.16, 3.2, 8.4 (a) (4), and 9.2 by abandoning six domestic relations clients); *In the Matter of Shinall*, 285 Ga. 31 (673 SE2d 233) (2009) (disbarring attorney found in default for violating Rules 1.3, 1.4, 3.2, and 9.3 by abandoning a client, which resulted in opposing counsel obtaining a default judgment against the client).

Having reviewed the record, we agree that disbarment is the appropriate sanction, and that disbarment is consistent with prior cases in which an attorney admitted, by virtue of default, to violating similar provisions of the GRPC that carry disbarment as a sanction and failed to participate fully in the disciplinary process. Accordingly, it is hereby ordered that the name of R. Dale Perry be removed from the rolls of persons authorized to practice law in the State of Georgia. Perry is reminded of his duties pursuant to Bar Rule 4-219 (b).

*Disbarred. All the Justices concur, except LaGrua, J., who dissents.*

LAGRUA, Justice, dissenting.

The most serious sanction this Court can impose in a bar discipline matter is disbarment, and this sanction is nearly always imposed when a lawyer fails to respond to formal disciplinary proceedings. In this case, Perry failed to timely answer or otherwise respond to the formal complaint, but he did submit an untimely "response" to the Special Master's report and recommendation attempting to offer mitigating information. See Op. 2-3 n.1. The Majority Opinion helpfully explains in footnote one why the Court did not consider Perry's "response" and what Perry could have filed instead of this "response." I hope future lawyers will look to this footnote for guidance for what they ought to do when faced with a disciplinary default arising from, perhaps, their inability to recognize that they are in a serious funk due to stress, depression, or a chronic health condition (and sometimes all three). Of course, it is often difficult to recognize that you are in the fog until it has lifted.

In the spirit of former Chief Justice Benham, see *In the Matter of Finley*, 268 Ga. 251, 255-256 (488 SE2d 74) (1997) (C.J. Benham,

12

dissenting in part and concurring in part) (outlining helpful programs provided by the State Bar of Georgia to assist lawyers in the operation of a successful law office), I remind lawyers of the resources available from the State Bar of Georgia and Attorney Wellness Task Force, including:

- The Lawyers Assistance Program is a confidential service outsourced to CorpCare Associates, Inc., to help State Bar members with life's difficulties. Members are entitled to six prepaid clinical sessions per calendar year.

- The SOLACE program is designed to assist any member of the legal community (lawyers, judges, law office and court staff, law students and their families) in Georgia who suffer serious loss to a sudden catastrophic event, injury or illness.

- Georgia Lawyers Helping Lawyers is a confidential volunteer peer support program created by the Lawyer Assistance Committee of the State Bar of Georgia to give additional tools to members who might benefit from a peer to talk to about the difficulties in their lives. Peer support generally involves people sharing similar experiences with an illness, struggle, professional issue, or life circumstance.

Because I would have imposed discipline short of disbarment, I respectfully dissent.